CHITTENDEN, HEMAN LOWRY *vs.* IRA CADY, AND HEMAN LOWRY *vs.* THAD-
*January,*
1832.                    DEUS TUTTLE.

> In an action by an officer against the bailees or receiptors of property attached by him, it is not necessary, in order to prove the attachment, to produce the original writ ; but the fact may be proved by other evidence ; and the receipt, itself, if one has been taken, is the appropriate and proper evidence.
>
> A receipt for property taken on an attachment is considered so far conclusive between the parties, that the person executing the same is not permitted to deny the attachment in a suit brought against him on the receipt.
>
> An exemplified copy of a judgement is the legal and proper evidence to prove the same : neither docket minutes nor records should be received, unless there be very strong reasons for dispensing with the usual and appropriate evidence ; as where the judgement has not been recorded.

This was an action of *assumpsit*, to recover the value of certain personal property which had been attached by the plaintiff, by virtue of a writ of attachment in favor of one Safford Stevens against Thaddeus Tuttle, and, as was alleged, delivered to the defendant upon his receipt in writing for safe keeping. Plea, *non assumpsit*, and issue to the court. To show the attachment of the property, and the delivery of it to the defendant, the plaintiff offered a receipt in writing for the property attached, signed by the defendant, reciting the attachment ; to which the defendant objected ; but the court admitted the evidence. The plaintiff then offered in evidence the files of the court, and the testimony of the clerk, to prove the loss of the original writ and declaration, previous to the term of the court at which a new declaration was filed by order of court ; and also offered evidence to prove that the new declaration was an exact copy of the original writ and declaration, and was for the same cause of action as the original, with some amendments made to the same previous to the loss. To the admission of this evidence the defendant objected ; but the court admitted it. The plaintiff then offered in evidence the files of the county court, and the docket minutes of the judgement, and the issuing of the execution on the same ; to which the defendant objected : but the court, after ascertaining that said judgement was not recorded by the clerk, admitted said files and docket minutes, as evidence of the judgement and execution.

The defendant then contended that, by any alterations and amendments of the original declaration in this case, in any other way than in the form of it, the plaintiff had lost his lien upon the property attached : but the court overruled the objection, and rendered judgement for the plaintiff to recover of the defendant the sum of $166,93 damages. To which decision and opinion of

the court the defendant excepted ; and thereupon the cause was
brought up to this court for a final hearing ; where, after argument by counsel, at the present term,

The opinion of the Court was delivered by,

Williams, J.—Both of these actions are brought by the plaintiff, late sheriff of the county of Chittenden, on receipts for property taken on a writ of attachment in favor of Safford Stevens against Thaddeus Tuttle. From the pleadings it appears that both stand on the same foundation ; and a determination of one, must also determine the other.

On examination, we find nothing which requires us to disturb the judgement of the county court. The attachment was sufficiently proved. An attachment of personal peroperty is the taking such property into the legal custody of the officer making the same, by virtue of, and in pursuance of the directions contained in, a writ of attachment. In an action between other parties than the sheriff and his receipters, the writ of attachment, with the official return of the officer, is sufficient evidence of this fact. It has been denied that this is evidence in an action by the officer making return.—*Merrill* vs. *Savage,* 8 *Pickering,* 397. We are, however, inclined to the opinion that it is sufficient evidence of the fact of the attachment in any suit. The defendants have contended that this is the appropriate and only evidence of that fact, and that, for the want of that evidence, the plaintiff should have been nonsuited. If the court had coincided with them in opinion on this point, there would be no reason for sending this case to another trial. The original attachment was lost. The secondary proof, which is admissible in such a case, and was admitted in this case, was amply sufficient to prove the attachment, if that kind of proof, alone, was competent for that purpose.

But we are of opinion that the attachment itself, that is, the taking into the custody of the officer, may, in an action between him and his bailees or receipters, be proved by other evidence than the attachment ; and that the receipt itself, when one is taken, is the appropriate and proper evidence for that purpose. A receipt for property taken on an attachment is considered so far conclusive between the parties thereto, that the persons executing the same are not permitted to deny the attachment in a suit brought against them on the receipt.—*Lyman* vs. *Lyman et al.* 11 *Mass.* 317 ; *Spencer* vs. *Williams,* 2 *Vt. Rep.* 209.

The writ and after proceedings are not essential to entitle an of-

ficer to a judgement on such receipt, unless they are made so by the declaration of the plaintiff, as they were in this case.

The objection taken to the admission of the docket minutes has been abandoned by the defendants. The Court would remark, however, that it is improper to rely on evidence of this kind. An exemplified copy of the judgement is the legal and proper evidence to prove the same. Neither the records themselves, nor minutes, should ever be received, when copies can be obtained, unless there is some strong reason for dispensing with the usual and appropriate evidence. In this case, as the judgement was not recorded, the court were justified in receiving other evidence of the same than an exemplified copy of the record.

The only remaining question is, whether the attachment was dissolved by the amendment of the declaration. It does not appear by the case here presented, that the amended declaration was for any cause of action different from the original declaration, nor that it varied from it in any essential particular. If the defendant relied on any such variance, he should have pointed out in the case in what the amended declaration differed from the original. This is not shewn here, and we cannot, therefore, say, that the county court made an erroneous decision on this point. This renders it unnecessary for us to inquire, whether any amendments would vacate an attachment as between the parties to the suit, or between them and the officer making the attachment, or between the officer and his receiptors, where there are no other attaching creditors, who are interested in the question ; or what amendments or alterations of the original writ would discharge the property taken thereon.

The judgement of the county court is affirmed.

*Bailey & Marsh,* for plaintiff.

*Adams,* for defendants.