L. F. EDWARDS v. JOEL HARRINGTON.*

*Notice of Special Matter under the General Issue. Construction of Submission to Arbitration. Impeachment of Award.*

The notice of special matter alleged a submission to arbitration of the matter in controversy in this suit, after the commencement thereof, and the publication of an award, but only alleged that the award "was to the effect that the defendant was not liable to pay to the plaintiff any damage for the injury complained of." *Held*, that the notice was sufficient upon its face, and, the award not being shown to the court, it must be presumed that the award produced in evidence was in substance the same as the one described in the notice.

The submission provided that "the costs in the county court shall follow the decision of the arbitrators, and shall follow the judgment of said arbitrators *to be made as in a court of law.*" *Held*, that this provision related only to the costs in county court, and had no reference to any rule of decision upon the merits, that the arbitrators were to follow.

But treating it as a provision that the arbitrators should decide according to law, *dubitatur*, whether the award could be impeached at law for this cause, as it was regular on its face, and no pretense that the arbitrators exceeded their powers, or omitted to decide any matters submitted, and the award purporting to have been made in accordance with the submission.

THIS was an action of trespass *qua. clau.* Plea, the general issue, and notice. Trial by jury, December term, 1867, STEELE, J., presiding.

The notice alleged a submission to arbitration of the matter in controversy in this suit, after the commencement thereof, and the publication of an award, but did not set out the award, or in terms profess to state the substance thereof, but· only alleged that the award " was to ·the effect that the defendant was not liable to pay to the plaintiff any damages for the injury complained of by said plaintiff." On trial the plaintiff objected to the introduction of any evidence under the notice, because it set forth only the effect of the award. The court overruled the objection ; to which the plaintiff excepted.

The defendant, under the notice, then introduced in evidence a written submission of this suit, and the matters covered by the declaration, to arbitrators, and proved an award which purported to have been made in accordance with the submission. The sub-

* This case was decided at the August term, 1868.

mission contained a clause that "the costs in county court shall follow the decision of the arbitrators, and shall follow the judgment of said arbitrators *to be made as in a court of law*." The plaintiff claimed that this clause bound the arbitrators to decide the case as a court of law, and introduced evidence tending to show that the arbitrators did not profess to be governed by the rules of law, but made their award with reference to what they viewed as the equity of the case. The plaintiff also proved that he claimed the same construction of the submission at the hearing before the arbitrators. The award not being otherwise objected to, the court held it valid, and, no other question of fact remaining, directed a verdict for the defendant; to which the plaintiff excepted.

*B. N. Davis*, for the plaintiff.

*O. S. Burke*, for the defendant.

The opinion of the court was delivered by

PECK, J. The counsel for the plaintiff is correct in his proposition that the statute allowing special matter to be given in evidence under the general issue and notice, only dispenses with the form of a special plea, but not with the substance. It is not claimed that there was any variance between the award given in evidence and that described in the notice. The only objection alleged against the notice is that it does not set forth the award in terms or the substance of it, but only its effect. The award is not made a part of the case and has not been shown us, so that we have no means of determining whether this objection is well founded in fact. For aught we can tell, the award was in the very words of the notice. If so, the plaintiff's objection has no foundation in fact. All we can do is to look at the notice and see whether it is bad on the face of it. The notice, after setting forth the submission, &c., in stating the award, says the parties met before said arbitrators and had a hearing concerning the matter in controversy in said suit, and after the said hearing, in the same month, the said Isaac Patterson and J. F. Stevens made and pub-

lished their award, " *which was to the effect* that the defendant was not liable to pay to the plaintiff any damage for the injury complained of by said plaintiff. " The objection made to this notice is that it does not profess to state the words of the award, nor its substance, but only its effect. But, under this notice, the defendant would be bound to prove an award in substance as alleged. This proof must be precisely the same as if in the notice the words, *in substance*, had been inserted in place of the words, " *to the effect*. " This being so, it must be assumed that the award produced in evidence was, in substance, the same as that described in the notice, and therefore the notice is not obnoxious to the objection urged against it. *To the effect*, means, *in legal* effect; and in civil suits, and often in criminal cases, it is sufficient to plead a written instrument according to its legal effect.

The other objection to the ruling of the county court, that relating to the arbitrators not professing to decide according to law, in the first place involves a question of construction of the submission. The question of construction is as to the paragraph, "and the costs in the county court shall follow the decision of the arbitrators, and shall follow the judgment of said arbitrators to be made as in a court of law. " The subject-matter of the submission was this suit, which was pending at the time of the submission. The object of adding the provision above recited, obviously, was to provide explicitly a guide for the arbitrators as to the costs in the county court. It is the costs in the county court that *shall follow the judgment of said arbitrators to be made as in a court of law.* If the words *to be made* had been omitted, there could be no doubt that the whole force of that provision would relate to the costs in the county court, and have no reference to any rule of decision upon the merits, that the arbitrators were to follow. We think, notwithstanding those words create some doubt as to the meaning, that nothing more was intended than that whatever decision the arbitrators shall make, the costs in the county court shall follow that judgment the same as in a court of law, the same as costs follow the event of a suit in a court of law. If this is the true construction of the submission, this objection to the award must fail, as it does not appear but that as to the costs of

the county court, the arbitrators professed to, and did, follow the submission. But treating that as a provision that the arbitrators should decide according to law, it is very doubtful whether the award could be impeached at law for this cause, as it was regular on the face of it, and no pretence that the arbitrators exceeded their powers by deciding upon matters not submitted, nor that they omitted in their decision any matter submitted; and as the exceptions show that the award "*purported to have been made in accordance with the said submission.*" None of the cases cited by plaintiff's counsel goes to that extent. But if it could be thus impeached, it would seem that it ought not to be set aside as void, unless it appears that the arbitrators did not decide according to law, or *as in a court of law*. The fact that the plaintiff introduced evidence " tending to show that the arbitrators did not profess to be governed by the rules of law, but made their award with reference to what they viewed as the equity of the case," is not very satisfactory evidence that they decided contrary to law, and would hardly warrant such conclusion. Equity and justice generally turn out to be law, though not always.

Judgment affirmed.