SIAS RANDALL, ADMINISTRATOR OF ABIGAIL THOMPSON'S
ESTATE, v. WILLIAM H. PRESTON.

*Evidence. Materiality. Gen. Sts. c. 36, s. 24. Pleading.
Gen. Sts. c. 30, s. 32.*

Until their report to the Probate Court is recorded, the best evidence of the action of
commissioners to adjust claims against an estate, is the report itself.

In trespass for the taking of a horse, plaintiff having introduced evidence tending to
show that in 1872 the horse was left by its owner with plaintiff's intestate, under
an agreement that the horse should be plaintiff's till its keeping was paid for, and
that in 1873 it was taken by defendant, the defendant offered evidence tending to
show that in the latter part of 1875, or early in 1876, the owner presented a claim
of about $700 against the intestate's estate, and that it was allowed. *Held*, mate-
rial and admissible.

Defendant was permitted to testify to a conversation had with plaintiff after plain-
tiff's appointment as administrator, wherein plaintiff said the intestate had a lien
for keeping, &c., and defendant said that was the first time he had heard of such
a claim, and that it had not been made before, to which plaintiff replied, "It does
not make any difference to you." To the admission of the testimony as to what
the plaintiff said, defendant objected. The court charged that defendant's testi-
mony as to what he told plaintiff in that conversation should not be weighed to
show the fact to be as therein stated, but only as part of the conversation. *Held*,
admissible under s. 24, c. 36, Gen. Sts., and that, besides, the evidence objected to,
taken in connection with the charge in regard thereto, could not have prejudiced
the plaintiff, and that therefore an exception would not lie to its admission.

Section 32, c. 30, Gen. Sts., which allows special matter to be given in evidence under
the general issue and notice, requires in the notice only sufficient definiteness to
apprise plaintiff of the facts to be relied on in defence—not the technical form of a
good special plea. Thus: the notice of justification herein, *q. v.*, set out in a gen-
eral way the issue of a writ against the owner of the horse, the placing of the same
in the hands of defendant, an officer, for service, service on the owner by attach-
ment of the horse, continuance on return day, final procurement of judgment, issu-
ance of execution, placing of same in hands of defendant, levy, advertisement, ad-
journment, and final sale; but the notice was in some formal respects defective
considered as a plea. *Held*, sufficient.

TRESPASS and trover for a horse, taken from the plaintiff's in-
testate. Plea, general issue, with notice of justification. Trial
by the jury, June Term, 1879, Caledonia County, Ross, J.,
presiding.

The notice was of reliance on the following:

On the 13th day of Jan., A. D. 1873, Oscar F. Merrill, of Cabot, took
out a justice writ against Ebenezer Thompson, returnable on the 30th
day of January, A. D. 1873, before M. P. Wallace, a justice of the peace,

Randall *v.* Preston.

at the office of J. P. Lamson, in Cabot, in an action on a note, which writ was put into the hands of W. H. Preston, this defendant, who was a deputy sheriff, which writ was served on the 15th day of January, 1873, on Ebenezer Thompson, by attaching a certain white horse, which horse was the one in controversy in this suit. Said writ was returned to the said justice, and on the returnable day of said writ it was by said justice continued for notice to the defendant under the statute, until the 6th day of February, same place and time of day. And on the 6th day of February, 1873, notice having been proved, a judgment by said justice was rendered against said Ebenezer Thompson for the sum of $105.40 damages, and $7.30 cost of suit. And on the 6th day of February, 1873, execution by said justice was issued on said judgment for the same sum, and put into the hands of this defendant, as a deputy sheriff. And on the 17th day of February, 1873, said execution was levied on said horse, and the same was advertised on the 17th of February, to be sold at sheriff's sale, by defendant as sheriff, on the 3d day of March, 1873, at 1 o'clock, p. m., at the grist mill in North Danville. Said notice was posted on said grist mill for the sale of said horse. And on the 3d day of March said sale was adjourned to the 5th day of March, at the same time and place, and on the 5th day of March, said horse was at said public sale sold by this defendant as a deputy sheriff, to A. H. Smith of Danville, he being the highest bidder for the same, which execution was duly returned to said justice ; which horse so attached and sold is the one in controversy, and was the property of the said Ebenezer, duly and legally attached and sold by the defendant as a deputy sheriff.

The plaintiff introduced evidence tending to prove that in 1872, Ebenezer Thompson left the horse in question, which he then owned, with his mother, the intestate, and, to secure the payment for its keeping, promised her that the horse should be hers until the keeping was fully paid for ; that she kept the horse under that agreement until it was taken by the defendant, in March, 1873 ; and that the intestate told the defendant, when he took the horse, of her claim thereto, and forbade his taking it. He also introduced evidence of the value of the horse, and then rested.

The defendant then offered in evidence certified copies of writ, judgment, and execution in the action alleged in the notice. The plaintiff objected to their admission for that the notice was insufficient, and also for that they were not properly certified. The defendant then offered the original execution with the officer's return thereon, to the admission of which the plaintiff also ob-

jected. The court overruled the objection and admitted both copies and original ; to which the plaintiff excepted.

From the papers so introduced, it appeared that the horse was attached on the writ in the notice mentioned, that judgment was duly rendered, that execution was issued on the date alleged, by M. P. Wallace, a justice of the peace, at Cabot, in the County of Washington, and that the horse was taken and sold by the defendant on the execution, the defendant acting therein in the office of a deputy sheriff of Caledonia County.

The defendant then offered to testify that, after the death of the intestate, and after the appointment of the plaintiff as administrator, he had a conversation with the plaintiff, in which the plaintiff said the intestate had a lien of some kind on the horse for its keeping, which was given by Ebenezer, and that he told the plaintiff that was the first time he had heard of such a claim, and that it had not been made before, to which the plaintiff replied, " It does not make any difference to *you.*" The plaintiff objected to the admission of the evidence of what the defendant then told the plaintiff, but it was admitted ; to which the plaintiff excepted.

The defendant also introduced the register of probate as a witness, with the original report of the commissioners on the estate of the intestate, whereby it appeared that in the latter part of 1875, or early in 1876, said Ebenezer made claim before the commissioners against the estate for about $700, which was allowed. The register testified that the report had not been recorded. The plaintiff objected to the evidence as immaterial, and also because a certified copy was not produced. The objection was overruled and the evidence admitted ; to which the plaintiff excepted.

The court charged that the defendant's testimony as to what he told the plaintiff, as to such a claim not having been made before could not be weighed, " to show the fact was so," but simply as part of their conversation.

*M. Montgomery*, for the plaintiff.

A notice dispenses with the formality, but not with the substance, of a plea in bar. *Nott* v. *Stoddard*, 38 Vt. 25. When trespass and trover are joined, the pleadings must conform to the

rules as to trespass. Gen. Sts. c. 33, s. 14. In trespass, when the defendant justifies as an officer, he must set forth the writ, &c., specially. It is not enough to say that he did the act under a certain process; he must aver pursuance of his authority. 1 Chit. Pl. 534. The notice should have shown jurisdiction of the parties or of the subject-matter. *Barrett* v. *Crane*, 16 Vt. 246; *Bates* v. *Hazeltine*, 1 Vt. 81. It should have alleged that the defendant was then and there a deputy sheriff. 1 Chit. Pl. 533. It should have stated that the defendant served the writ, but it stated only that it was put into his hands. It should have stated in what county he was deputy, for he might have been a deputy and yet have had no right to serve the writ. It should have stated, also, that Wallace was then and there justice, &c., and that he was a duly qualified justice of Washington County. The notice fails to show any legal service on Thompson. It fails to state that the horse was the property of Thompson when taken. It does not set forth a legal sale of the horse, as it was advertised February 19, to be sold March 3; nor that the place where the sale was made was a public place; nor that the property was sold when it was advertised to be sold. The notice says the horse was advertised and sold at Danville, but it does not state that the horse was taken on the writ in Danville. Gen. Sts. c. 47, s. 4. Nor does the notice state an adjournment of the sale. An adjournment is not to be presumed. The notice should have stated whether Thompson appeared, that the court might know whether there was any legal ground for the continuance set forth in the notice. It should have alleged that the taking set forth in the notice was the trespass complained of. It does not state that the writ was returnable in any county in Vermont. Plaintiff could take advantage of defects in the notice, only by objecting to the evidence, and if the evidence offered was of facts not alleged, it should have been excluded. *Nott* v. *Stoddard, supra.*

The defendant was not a competent witness to testify to any of the matters objected to. Sts. 1876, No. 83. His testimony was also inadmissible, as being proof of his own statements out of court in his own favor. The error was not cured by the charge.

The judgment of the Probate Court could be proved only by

copy of record under the seal of the court.   *Lowry* v. *Cady*, 4
Vt. 504; *Armstrong* v. *Colby*, 47 Vt. 359; *Parish* v. *Pearsons*,
27 Vt. 621.   Besides, the fact that the estate owed Ebenezer
$700 in 1877, had no tendency to prove that he was not owing his
mother in 1872, when the lien was made.

*J. P. Lamson*, for the defendant.

Under the statutes all that is required is, that the notice con-
tain in substance the entire defence so as to apprise the plaintiff
of its character in all its elements.   Gen. Sts. c. 30, s. 32, c. 33,
s. 15.   The notice was therefore sufficient.

The testimony of the defendant as to conversation with the
plaintiff was admissible.   Gen. Sts. c. 36, s. 24; *Dean* v. *Dean's
Estate*, 43 Vt. 337.

The original report of the commissioners was evidence.   And
it was material.

The opinion of the court was delivered by

ROYCE, J.   The report of the commissioners on the estate of
A. B. Thompson had not been recorded at the time of the trial,
and hence the only evidence that could be legally admitted to
show what the action of the commissioners had been, would be
the report made by them to the Probate Court, if it could be ob-
tained.   The report was the best evidence in existence of the
facts contained in it.   In *Lowry* v. *Cady*, 4 Vt. 504, it having
been ascertained that a judgment had not been recorded, the files
and docket minutes were admitted as evidence of a judgment and
execution.   In the opinion delivered by WILLIAMS, J., he says :
" As the judgment was not rendered, the court was justified in
receiving other evidence of the same than an exemplified copy of
the record."

The plaintiff claimed that his intestate had a lien upon the
horse in controversy, to secure her for his keeping.   The defend-
ant claimed that she did not have any such lien, and, as tending to
show that no such contract was made between the intestate and
Eben. Thompson, the general owner of the horse, by which such
lien was secured, as the plaintiff's evidence tended to show,

offered said report as evidence tending to show that at the time the pretended contract was made, the intestate was largely in-debted to Eben. Thompson. The evidence was admissible, and to be weighed by the jury upon the question as to whether any such contract was made or not. It is much less probable that any such contract would be made where the agistèr or keeper of an animal is the debtor of the owner, than it would be if there was no such indebtedness.

The exception taken to the defendant's being permitted to tes-tify to the conversation had with the plaintiff after his appointment as administrator was not well taken. By section 24, c. 36, of the Gen. Sts. the defendant was a competent witness to all such acts and contracts as had been done or made subsequent to the ap-pointment of the plaintiff as administrator. *Dean* v. *Dean's Es-tate*, 43 Vt. 337. The portion of the testimony given by the de-fendant that was objected to, taken in connection with the use that the court instructed the jury they were to make of it, did not prejudice the plaintiff, and as a part of the conversation it was not error to admit it, with the instructions given as to its use.

The only remaining question is as to the sufficiency of the no-tice under which the defendant was permitted to put in his evi-dence of justification. It has been repeatedly held that, while the statute which allows special matter to be given in evidence under the general issue and notice dispenses with the form of a special plea, it does not dispense with the substance of such a plea. While it is required that such a notice must be sufficiently definite and certain to apprise the opposite party of the facts re-lied upon, and which he will endeavor to establish by evidence, and that such facts, if found, will constitute a defence, it is not required that the facts should be stated with that certainty, for-mality, and technicality that would make a good special plea. The object in changing the common law by dispensing with special pleas in cases provided for by the statute, was to simplify the pleadings, and at the same time to give parties, by the notice re-quired, all the substantial benefits, as far as notice and opportu-nity for defence are concerned, that they would have had if a plea had been filed. The notice in this case contains all the substan-

tial elements of a good plea. It is quite as good in form and in substance as the notice was in *Edwards* v. *Harrington*, 45 Vt. 63, which the Supreme Court held sufficient.

*Judgment affirmed.*