[Burdeshaw & Co. v. Comer & Co.]

# Burdeshaw & Co. v. Comer & Co.

108  617
129  274

*Amendment of judgment nunc pro tunc.*

1. *Parties to suit—who are.*—Where on an attachment, the affidavit sets forth that P. L. B. & Co., composed of P. L. B. and O. M. H., are indebted to plaintiff, and the writ is directed both against the partnership and the individuals; the complaint contained a caption showing "P. L. B. and O. M. H., a partnership composed of P. L B. and O. M. H." as defendants; the body of the complaint claimed of the "defendants"; plea was interposed by P. L. B. and O. M. H., describing themselves as "defendants"; demurrer is interposed by attorneys, describing themselves as "for the defendants"; under a caption "H. M. C. v. P. L. B." a judgment *nil dicit* is rendered for the plaintiff against the "defendant," using the singular number. *Held,* That P. L. B. and O. M. H., as individuals, were defendants to the suit.

2. *Amendment of judgment nunc pro tunc.*—Under the above facts, an amendment of judgment *nunc pro tunc*, to make it speak the truth, is proper.

3. *Same; presumption on appeal.*—On appeal from an order amending a judgment *nunc pro tunc*, this court in the absence of a bill of exceptions, will presume that sufficient legal evidence was introduced to justify the granting of the motion.

APPEAL from Dale Circuit Court.
Heard before Hon. J. M. CARMICHAEL.
The facts are stated in the opinion.

T. M. ESPY for appellants. [The suit was against the partnership only. *Dollins & Adams v. Pollak & Co.*, 89 Ala. 351; *Bolling & Son v. Speller*, 96 Ala. 269; *Baldridge v. Eason*, 99 Ala. 516.

H. L. MARTIN, *contra*, cited 89 Ala. 351.

HEAD, J.—The appeal is prosecuted from the judgment of the circuit court amending the judgment entry, *nunc pro tunc*, so as to show a recovery by the plaintiffs against O. M. Hill and P. L. Burdeshaw, as individuals. The objection urged against the action of the lower court, is, that the suit was really against P. L. Burdeshaw & Co. as a partnership, and not against said co-

partners. The action was begun by attachment which issued upon an affidavit setting forth that P. L. Burdeshaw & Co., composed of P. L. Burdeshaw, O. M. Hill, and John Burdeshaw, were jointly indebted to the plaintiffs, and the writ was directed both against the partnership and the individuals. Levy was made upon the property of O. M. Hill, and he executed a forthcoming bond. We may suppose from notices and returns of service upon his administratrix, that John Burdeshaw was dead, when the suit was instituted, or that he died shortly afterwards. At all events, no further notice was taken of him, and the complaint filed at the return term contained a caption showing "P. L. Burdeshaw, O. M. Hill, a partnership composed of P. L. Burdeshaw and O. M. Hill," as the defendants. The body of the complaint, under this caption, claimed of the "defendants" a certain sum of money. On the same day on which the complaint was filed, O. M. Hill and P. L. Burdeshaw, describing themselves as "the defendants," interposed a plea to the jurisdiction of the court. There was an amendment of the complaint, by adding another count, in which further claim of the "defendants" was. made, and thereupon, attorneys subscribing themselves as for the "defendants," filed a demurrer to the complaint as amended. No ruling upon the plea to the jurisdiction nor upon the demurrer, appears to have been invoked, and on March 30th, 1893, more than a year after the beginning of the suit, there was a final judgment. The entry under the caption "H. M. Comer v. P. L. Burdeshaw" shows a judgment *nil dicit* in favor of the plaintiff against "the defendant," using, in each instance, the singular number, as if there were only a single party upon each side of the cause. At the next term, the plaintiffs moved for an amendment of the incorrect statement of the names of the parties, in the judgment entry, and the amendment was accordingly made.

Looking at the process, pleadings, appearances, and proceedings as we must do, we are clearly convinced that the appellants, as individuals, were parties defendant to the suit. *Blackman v. Moore–Handley Hardware Co.*, 106 Ala. 458; *Bolling v. Speller*, 96 Ala. 269; *Collins v. Hyslop*, 11 Ala. 508.

If the errors and omissions in the judgment entry did not correct themselves by reference to other parts of the

[Gardner v. Head.]

record, it was undoubtedly. within the power of the circuit court to make the judgment speak the truth by the amendment it made. In either event the amendment is not subject to complaint upon the part of the appellants. There is no bill of exceptions, and we must presume that sufficient legal evidence was introduced to justify the granting of the motion.—*Dobson v. Dickson*, 8 Ala. 252.

There is no error in the record, and the judgment is affirmed.