C. H. WOOD, Administrator, et al., Appellees, v. LOTTIE A. WOOD, Executrix, et al., Appellants.

**Judgments:** VACATION: EVIDENCE. A decree of court upon which innocent parties have relied and acted for a long series of years, will not be set aside except upon substantial evidence; especially where the same was never questioned during the lifetime of the

parties thereto, and the plaintiffs, in the action to set aside the decree, knew all the facts relied upon at the time the decree was rendered.

**Annulment of marriage:** CANCELLATION OF DECREE: EVIDENCE.  In this action to set aside a decree annulling a marriage, on the ground that the husband, who brought the action, fraudulently concealed the fact of a previous adjudication against him on the same grounds, the evidence is held insufficient to show concealment, or that the grounds upon which the annulment was sought were false and known to the plaintiff to be false.

**Judgments:** CONCLUSIVENESS.  A determination that the dismissal of a prior petition was an abatement of the action and not a bar to a subsequent suit, is conclusive until reversed on appeal.  When the court has jurisdiction to enter a decree, mere error of judgment or erroneous ruling, will not render the adjudication void.

**Same.**  The correctness of findings upon which a decree is based; cannot be questioned in a subsequent suit to set the judgment aside; nor can matters, which were fairly before the court and embraced in its finding, be relitigated in a subsequent suit attacking the decree, unless fraud is shown.

**Prior adjudication:** DETERMINATION: CONFLICTING DECREES.  Whether a prior adjudication is a bar to a subsequent action, is a question to be determined in the subsequent action; and where there is apparent conflict between successive adjudications by the same court and between the same parties, the later decree will prevail.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge.

FRIDAY, JULY 2, 1909.

THIS is an action by the administrator of a deceased wife and others against the executrix of a deceased husband and others to set aside a decree of annulment of marriage.  There was a decree for plaintiffs, and defendants appeal.—*Reversed.*

*Deacon, Good, Sargent & Spangler* and *Prouty & Prouty,* for appellants.

*Francis & Owen,* for appellees.

EVANS, C. J.—The sufficiency of the petition in this case was before us on a former appeal. See *Wood v. Wood,* 136 Iowa, 128. In the opinion filed in that case, the legal questions involved are fully discussed, and it will serve no useful purpose to pass over that ground again. The plaintiffs in the case are C. H. Wood, as administrator of the estate of his mother, Calista Wood, and the said C. H. Wood, Eva B. Anderson and Etta S. Sheeley as the only children and heirs at law of Calista Wood. The defendants in the case are Lottie A. Wood as executrix of B. H. Wood, and the same person as the surviving widow of B. H. Wood, and Mary H. Eby and C. B. Fitch as the present owners of certain real estate purchased by them of B. H. Wood.

The facts, in brief, are: That B. H. Wood and Calista Wood were married in 1854, and the plaintiffs are the only children of the marriage. In 1884 Calista Wood was committed to the insane asylum. She lived until January, 1904, without ever having recovered her reason. It is undisputed in the testimony that for many years prior to her commitment in 1884 she had periods of insanity with lucid intervals. How long she had been in such condition prior to 1884 is a question in dispute. In November, 1886, B. H. Wood, by proceedings regular in form, obtained in the district court of Linn County a decree of annulment of the marriage between him and Calista Wood on the ground that she was insane at the time of the marriage, and that he did not discover such fact until afterwards. In the year 1887 he remarried, and the wife of such marriage has survived him and is the executrix defendant herein. B. H. Wood died in January, 1903, leaving a will. After the marriage of B. H. Wood to Lottie Wood, he sold certain lands in Humboldt County to defendants Mary Eby and C. B. Fitch; the wife Lottie joining in the conveyance, as we

understand the record.  After the death of Calista Wood, her three children, one of which was appointed as her administrator, brought this action to set aside the decree of annulment of marriage.  The sole purpose of this action is to determine property rights.  The plaintiffs seek to establish their title as heirs at law of their mother to one-third of all the real estate owned by their father in his lifetime, to which Calista Wood has made no relinquishment of dower.  The charge of the petition is that the decree in question was obtained by fraud, and that the court was deceived both by perjury and by concealment of material facts, which it was the duty of B. H. Wood to disclose.

As already indicated, the legal propositions are fully covered in the opinion on the former appeal, and we have to do now with questions of fact only.  Does the evidence introduced upon the trial sustain the material allegations of the petition?

The defendants are all concededly innocent of any wrong on their part.  The decree under consideration was never questioned during the lifetime of the parties thereto. At the time it was obtained, two of the children, plaintiffs herein, were adult, and knew every fact then which they know now.  The third was a member of her father's family, sixteen years of age.  It goes without saying that we would not be justified in setting aside the decree upon which innocent parties have relied and acted for nearly twenty years except upon substantial evidence.  We are unable to find such evidence in this record.  As indicated in the opinion on the former appeal, the petition sufficiently charged such fraud as would entitle the plaintiffs to relief.  The other grounds of attack specified in the petition were held insufficient.  It was also held that the fraud relied on must be extrinsic and collateral, and not such as inhered in the adjudication.  The petition before us charges that B. H. Wood knew that the averments made by him as grounds for relief were untrue,

1. JUDGMENTS:
    vacation:
    evidence.

and that he affirmatively concealed from the court the fact that there had been a previous adjudication against him on the identical cause.

It appears from the evidence that, at the preceding term of the same court and before the same judge, the plaintiff had presented his petition for an annulment of marriage upon the same grounds, and that his petition had been dismissed by the following entry upon the court records: "This cause comes on for the findings of the court, the same having been heretofore tried, and the court, having examined the pleadings herein, and being fully advised and satisfied, dismisses plaintiff's appeal for a divorce at his cost." This entry was made by the same judge who heard the case at the next term and granted a decree. The parties to the case and the presiding judge were residents of Linn County. We are unable to find in the record any evidence whatever tending to support the allegation that the plaintiff in that case concealed from the court the prior proceedings. On the other hand, affirmative evidence is produced by the defendants that the question of the prior action was discussed between court and counsel. It is argued for plaintiffs that such prior decree would have been a complete bar to the second action, as a matter of law, if pleaded. If that were conceded, it can not avail the plaintiffs now.

2. ANNULMENT OF MARRIAGE: cancellation of decree: evidence.

It is argued on behalf of the defendants that the petition in the first case was defective in its allegations concerning residence, and that it was the duty of the court under the statute then in force to dismiss the case on that ground, and that such dismissal would be an abatement only, and that such judgment of dismissal was therefore not a bar to the second action. We have no need to determine the correctness of this proposition. If the court before whom the second case was tried took that view and so held in legal effect, such holding was

3. JUDGMENTS: conclusiveness.

conclusive upon the parties until reversed on appeal. The jurisdiction of the court was complete, and no error of judgment or erroneous ruling could invalidate the adjudication.

The charge of concealment on the part of Wood is not proven, and this is a vital part of plaintiffs' case. Neither are we able to find in the record any substantial evidence that the grounds upon which the decree of annulment was prayed were false and known to be false by Wood.

The plaintiff introduced the testimony of certain witnesses who knew Calista Wood at different periods in her life, and who testified to their opinion of her mental soundness at the time they knew her. This testimony is very inconclusive and falls far short of being satisfactory. Plaintiffs also introduced in evidence two depositions which had been preserved with the files of the case in which the decree of annulment was entered. These appear to have been a part of the evidence offered by B. H. Wood in the trial of his case. One deposition comprised the testimony of his brother. The other comprised the testimony of Mrs. King, who was the wife of Calista Wood's brother. The testimony contained in these depositions tends strongly to show that Calista Wood had frequent attacks of periodical insanity from a time antedating her marriage, and that they constantly grew worse until her final commitment to the hospital. It is conceded by her son C. H. Wood that she had such attacks since 1872. He claims, however, that she received an injury at about that time which was the cause of her insanity. Of the witnesses produced by the plaintiff, none testified to any facts which are necessarily inconsistent with the testimony contained in the depositions referred to. Their testimony falls far short of proving affirmatively that Mrs. Wood was not insane at the time of her marriage, and still more do they fall short of proving that Wood knew the falsity of his claim.

The mere correctness of the findings of the court in 1886 under the evidence before it can not be reviewed in this case. If the questions which we are now considering were fairly before it, and embraced within its finding, the decree is unassailable by this proceeding, unless fraud be proved. *Harris v. Bigley,* 136 Iowa, 307.

4. SAME.

It is urged by the plaintiffs that the dismissal entered by the court in April, 1886 was an adjudication when it was entered, and, as such, was a bar to the second proceeding, and that it has continued as an adjudication down to the present time, and should therefore be controlling as between the parties. Whether a particular adjudication is a bar to a subsequent action is a question to be determined always in such subsequent action. If there is an apparent conflict between successive adjudications between the same parties and by the same court, the last adjudication will prevail. *Cooley v. Brayton,* 16 Iowa, 10; *Van Orman v. Spafford,* 16 Iowa, 193; *Bateman v. Grand Rapids,* 96 Mich. 441 (56 N. W. 28).

5. PRIOR ADJUDI-CATION: determination: conflicting decrees.

Our conclusion is that the plaintiffs have failed to sustain the material allegations of their petition, and that it should have been dismissed.

The decree entered below will be, accordingly, *reversed.*