## Bank of Montreal, Appellant, v. Estate of Asa Griffin, Deceased, Appellee.

### Gen. No. 5,973.

1. JUDGMENT, § 401*—*privity of.* Of two conflicting judgments obtained in courts of concurrent jurisdiction on the same claim by the same plaintiff against the same defendant, that which is later in point of time will prevail.

2. JUDGMENT, § 419*—*when dismissal of appeal to Circuit Court not an adjudication on merits.* A judgment dismissing an appeal from the Probate to the Circuit Court at the cost of appellant, either on his own motion or that of the court, at any time before or during the trial, does not have the effect of an adjudication on the merits.

3. APPEAL AND ERROR, § 783*—*necessity of court's signature to bill of exceptions.* A stenographer's statement added to a proposed bill of exceptions, to the effect that the court found the issues against a claimant and dismissed an appeal from the Probate Court, is not entitled to any weight as a finding or judgment of the court on the merits, if the proposed bill of exceptions was not signed.

4. JUDGMENT, § 419*—*when dismissal of appeal to Circuit Court not res adjudicata.* Where upon appeal from an order of the Probate Court to pay a judgment rendered in the Appellate Court, the petition was denied in the Circuit Court upon the ground that a suit covering the same subject-matter pending in the Circuit Court resulted in a dismissal, *held* that the dismissal of the suit in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Circuit Court did not constitute an adjudication of the claim, and that a judgment should be entered to direct the administrator to pay the judgment of the Appellate Court within sixty days or to make application for the sale of real estate to pay debts as prayed in the petition, to satisfy the judgment in the Appellate Court, which was last in point of time.

Appeal from the Circuit Court of La Salle county; the Hon. SAM-UEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed October 13, 1914.

ROBERT F. PETTIBONE, JOHN S. GOODWIN and MC-DOUGALL & CHAPMAN, for appellant.

STEAD, WOODWARD & HIBBS and BROWNE & WILEY, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

Asa Griffin died a resident of La Salle county July 19, 1905, and his widow, Mary L. Griffin, was by the Probate Court of that county appointed administratrix of his estate, and qualified as such. At the time of his death there was pending in the Circuit Court of Cook county a suit in assumpsit, brought against him by the Bank of Montreal, the appellant, on seven promissory notes; and after his death suit was brought by the Bank in the same court against Mary L. Griffin, his administratrix, on three promissory notes. These suits were consolidated and proceeded to a judgment for the defendant in the Circuit Court, and on appeal to a judgment in the Appellate Court of the First District, rendered May 2, 1910, in favor of appellant for $19,295.27, to be paid in due course of administration. *Bank of Montreal v. Griffin*, 154 Ill. App. 616. The detail of the litigation resulting in that judgment is now of little importance, but it may be learned by reading the opinion in that case. July 12, 1910, appellant filed a peti-

tion in the Probate Court of La Salle county, praying that the administratrix be ordered to show cause why she should not pay said judgment, and April 5, 1911, there was a hearing on the petition and an order directing the administratrix to pay the judgment within sixty days or make application to sell real estate for the payment of debts. Appellee perfected an appeal from that order to the Circuit Court of La Salle county, April 24, 1911, and that court on a hearing November 18, 1913, denied the petition, from which this appeal is prosecuted.

Appellee in support of the judgment relies on the following facts: On November 28, 1905, appellant filed in the Probate Court of La Salle county a claim against the estate on all of these ten notes. February 9, 1906, the Probate Court, on a hearing, entered an order disallowing the claim. Appellant perfected an appeal to the Circuit Court of La Salle county February 19, 1906. With both suits pending in the same court between the same parties, involving the same subject-matter, there was a trial May 9, 1912, of the appeal from the order of the Probate Court disallowing the claim. The record shows that the parties appeared, waived a jury and submitted the cause to the court, and the court entered an order, which as abstracted reads: "Jury waived by agreement of parties, cause submitted to the court for trial and the court having heard the proofs submitted herein and on consideration thereof it is ordered that the appeal herein be and the same is hereby dismissed.

"It is therefore considered and ordered by the court that the defendant do have and recover of and from the plaintiff, Bank of Montreal, her costs and charges and have execution therefor."

On the trial of the cause at bar appellant offered in evidence the judgment of the Appellate Court and the opinion of that court, the record of the case in the Cook County Circuit Court and the petition in and

the order of the Probate Court and rested its case. Appellee then offered in evidence records showing the action of the Probate Court in disallowing the claim and the pendency of that suit in the Circuit Court on appeal, and showed that the subject-matter of the litigation was in each suit the same ten promissory notes; and further offered in evidence a report of the official stenographer of the proceedings in that case which had been prepared as a bill of exceptions and presented to the trial judge, but not signed by him or filed in the case, but the stenographer testified in this case that it was a true statement of what took place at the trial. It appeared from that writing that appellee appeared by counsel on the trial of that case and suggested to the court that appellant had a valid judgment for the ten notes in question in the Appellate Court of the First District, and that it ought to dismiss the appeal and ought not to have judgment in two places for the same cause of action, but that appellant, appearing by counsel, insisted on a hearing and the court proceeded to hear evidence in the case. Appel-suggested to the court that appellant had a valid judgment in the Appellate Court and a certified copy of the order of the Probate Court of April 5, 1911, with some other records of the Probate Court. Then followed a discussion in which the court stated to appellant that it had its order, appealed from, in the Probate Court and had a judgment in Cook county; that if it succeeded in the case on trial it would be obtaining two orders or judgments for the collection of the same debt; that with a judgment in the Appellate Court of the First District and an order of the Probate Court of La Salle county enforcing that judgment pending in the Circuit Court on appeal, he would dismiss the appeal unless they wanted to try the other appeal. The court then held, at the instance of appellant, as a matter of law: "The judgment of the Appellate Court of Illinois for the First District is *res adjudicata* as to

the validity and amount of the claim of the Bank of Montreal against said estate." It is true that there is added to the proposed bill of exceptions that "the court found the issues on said claim to be against the claimant and dismissed the appeal;" but this is merely the statement of the reporter and should receive no weight as a finding or judgment of the court, since said proposed bill of exceptions was not signed.

The theory of appellee is that appellant, by its action in the case above recited, submitted to the Circuit Court the whole controversy, including the force and effect of its Cook county judgment as a claim against the estate, and that the judgment of the Circuit Court dismissing its appeal was an adjudication of that claim; and whatever motive the court may have had in dismissing the appeal, its judgment determined the rights of the parties in the matter of the collection of these notes, and should be treated as an adjudication on the merits and, being later in point of time than the judgment of the Appellate Court, is controlling and bars appellant from collecting that judgment.

Looking at the record orders, without considering what is attempted to be shown by the testimony of the reporter and the unsigned bill of exceptions as to what occurred on the trial of the appeal from the disallowance of the claim, the only judgment on the merits in La Salle county was that of the Probate Court disallowing the claim. The order of the Circuit Court dismissing the appeal from that judgment was not a retrial of the case or an adjudication of the merits, and it left the judgment of the Probate Court with the same force and effect as though no appeal from it had been taken. It is said in *County of Menard v. Kincaid,* 71 Ill. 587, that the dismissal of an appeal ordinarily amounts to an affirmance of the judgment appealed from; and in 3 Cyc. 199, that when an appeal or writ of error is dismissed, whether on motion or from other cause, the whole case is out of court, and on page 200,

that except in cases where an appeal has been prematurely taken or a failure to file the record within the time required, or of defects in the undertaking, or for want of prosecution, the dismissal of an appeal operates as an affirmance of the judgment of the trial court. We know of no precedent for giving a judgment dismissing an appeal at the cost of appellant,—whether the court was induced to enter it on motion of appellant or on its own motion, at any time before trial or during the trial,—the force and effect of a judgment on the merits; and do not see how anything that might be said or done by court and counsel, not a part of the record, would give that order such an effect. But if we consider what took place on the hearing, as shown by the evidence of the official reporter, for the purpose of determining what may have been intended by the order dismissing the appeal, it is very clear that the court did not intend to pass on the merits of the case. Whether appellant was entitled to a judgment on the merits, which it would have been compelled to abide or take an appeal, seems immaterial because no such judgment was entered.

The judgment of the Appellate Court sought to be enforced in the case at bar is later in date than that of the Probate Court. Appellee says, and we presume correctly, that the judgment last in point of time is the judgment to which effect must be given; that the rule is that, "Of two conflicting judgments procured in courts of concurrent jurisdiction on the same cause of action, by the same plaintiff, against the same defendant, that which is later in point of time will prevail." Under the rule announced by appellee and sustained by authority cited from other States, without citing any Illinois authority, and we know of none, the question presented to the trial court on the appeal from the order of the Probate Court was the same as though there was no other judgment than the one sought to be enforced in this proceeding; that is, the

same order should have been entered on this appeal that would have been entered had there been no showing that there was another and prior judgment on the same subject-matter between the same parties.

The judgment is reversed and the cause remanded with directions to the Circuit Court to enter a judgment directing the administrator to pay the judgment of the Appellate Court of the First District within sixty days or make application for the sale of real estate for the payment of debts.

*Reversed and remanded with directions.*