JOHN L. COOTEY v. FRED H. REMINGTON ET AL.

Special Term at Rutland, November, 1936.

Present: POWERS, C. J., SLACK, MOULTON and SHERBURNE, JJ., and STURTEVANT, Supr. J.

Opinion filed January 5, 1937.

*George M. Goddard* for the defendant.

*Fenton, Wing & Morse, Charles F. Ryan* and *R. Clarke Smith* for the plaintiff.

SLACK, J.   This action is debt on a judgment alleged to have been obtained in the Rutland municipal court, April 18, 1935.

Remington did not appear. The Pipe Company appeared and pleaded specially that plaintiff did not have a valid judgment against it; that on April 18, 1935, plaintiff obtained a judgment against Remington in the Rutland municipal court, in a suit wherein he was defendant and it was trustee, but did not on that, or any other day, obtain judgment against it; that on, to wit, April 8, 1936, the record of said court was altered and changed to read, "Judgment for plaintiff vs. defendant and trustee by default." Plaintiff filed a general replication. Trial by court. The plaintiff had judgment against Remington by default and against the Pipe Company on facts found by the court. The case is here on the Pipe Company's exceptions.

By agreement of the parties no evidence was introduced except two certified copies of the docket entries of the Rutland municipal court in the original suit, attached to the Pipe Company's answer herein and marked respectively exhibits A and B, which it was agreed the court should consider as exhibits in this case.

The material part of A, which was certified April 7, 1936, is as follows:

"Return day—Mar. 25, 1935

\*    \*    \*    \*    \*    \*

3/30/35—Plaintiff's specifications filed.
4/16/35—Defendant defaulted.
4/18/35—Judgment for plaintiff by default."

The material part of B, which was certified April 9, 1936, is identical with A except the last entry in B reads, "4/18/35— Judgment for plaintiff vs. defendant and trustee by default." It is found that the Pipe Company was duly summoned as trustee in that suit but that neither it nor Remington had entered an appearance on April 16, 1935. Both A and B show that the Pipe Company entered its appearance, and filed a disclosure as trustee in that case August 5, 1935. It was agreed that such disclosure showed no funds in the Pipe Company's hands belonging to Remington, and it is found that nothing was ever done respecting the disclosure after it was filed. It is found that the judge of the Rutland municipal court rendered judgment for the plaintiff against both defendants in this case on April 18, 1935, and that he later corrected the record on the docket of said court as of April 18, 1935. At the time such

judgment was rendered Harold O'Brien, Esq., was judge of the Rutland municipal court; on April 8, 1936, William H. Botsford, Esq., was judge of that court.

The Pipe Company excepted to the findings that the judge of the Rutland municipal court rendered a judgment for the plaintiff against both defendants on April 18, 1935, and that he later corrected the record, etc., on the grounds that such findings are contrary to and against the facts disclosed by the record of that court as appears from exhibits A and B; that they are not founded on facts and are unwarranted by the facts in the case; that they are contrary to a fair and reasonable construction of the records of that court as shown by exhibit A; and that they are against the law governing said cause and against the intention of the parties as shown by exhibit A.

■■ The Pipe Company says that plaintiff had the burden of proving the judgment relied upon as a basis of recovery in this suit. He did. The Pipe Company says that he failed to do so. That depends upon the force and effect to be given to exhibits A and B. The Pipe Company says that those exhibits were put in evidence by it, for the purpose of "impairing the *prima facie* quality of the case against it and not for the purpose of proving the case," although it says in the next breath that "there was no *prima facie* case to repel and the exhibits should not have been considered by the court. Certainly the findings should not be predicated thereon." These exhibits do not appear to have been admitted for any particular purpose, hence they were for consideration on any issue regarding which they were material, and irrespective of who introduced them.

■■ While an exemplified copy of a judgment is the legal and proper evidence to prove such judgment, *Lowry* v. *Cady*, 4 Vt. 504, 24 A. D. 628, in certain instances such proof may be dispensed with, *Lowry* v. *Cady, supra; Randall* v. *Preston*, 52 Vt. 198, and there is no reason why it may not be done by agreement of the parties. We, therefore, treat exhibits A and B, in all respects, like exemplified copies of the record. They are not subject to collateral attack and, until changed in some proper manner, import absolute verity of what they purport to show.

■ It is a well settled rule that of two conflicting judgments rendered by the same court upon the same rights of the same parties, the later prevails. *Montreal Bank* v. *Griffin*, 190 Ill. App. 221; *Citizens' State Bank* v. *Snyder*, 181 Iowa, 11, 162

N. W. 6; *Wood* v. *Wood,* 143 Iowa, 440, 121 N. W. 1090; *Cummins* v. *Mullins,* 183 Ky. 666, 210 S. W. 170; 34 C. J., p. 508. And the entry of a second judgment is in effect an amendment of the first in the particulars wherein they differ. Freeman on Judgments (5th ed.) vol. I, p. 344; *Mahan* v. *Kyle* (Tex. Civ. App.), 211 S. W. 302. On the same theory the later of conflicting docket entries prevails.

That our municipal courts have the same power over their records that county courts have under the common law or by statute is clear, P. L. 1405; *Vermont Evaporator Co.* v. *Taft,* 108 Vt. 209, 184 Atl. 704; *Levin* v. *Peck,* 88 Vt. 507, 93 Atl. 256. Either may, independent of statute, in its discretion, revise and correct its records if erroneously made because of mistake or accident not due to the neglect or fault of the parties. *Vermont Evaporator Co.* v. *Taft, supra,* and cases cited. Nor is the exercise of this power limited to a particular term or time, *Levin* v. *Peck, supra;* and in *Vermont Evaporator Co.* v. *Taft, supra,* it appears to have been assumed, and we think rightfully so, that a judge may amend the records made during the term of his predecessor to make them "speak the truth." Cases of like import from other jurisdictions are *Pelton* v. *Goldberg,* 81 Conn. 280, 70 Atl. 1020; *Henlein* v. *Graham,* 32 S. C. 303, 10 S. E. 1012; *Freeman* v. *Mears,* 35 Ark. 278; *Warner* v. *State,* 194 Ind. 426, 143 N. E. 288; *Dwight* v. *Hazlette,* 107 W. Va. 192, 147 S. E. 877, 66 A. L. R. 102; *McPherson* v. *Bristol,* 122 Mich. 354, 81 N. W. 254; *Burdeshaw & Co.* v. *Comer & Co.,* 108 Ala. 617, 18 So. 556; *Balch* v. *Shaw,* 7 Cush. (Mass.) 282; *Weed* v. *Weed,* 25 Conn. 337; Freeman on Judgments (5th ed.), vol. I, p. 292. Some cases hold that the party to whose disadvantage the amendment will be, should have notice of the purpose to make it; others hold this unnecessary. Be that as it may, since the record in the instant case is silent regarding this it will be presumed that all was done that was required. *County Bank* v. *Jack,* 148 Cal. 437, 83 Pac. 705, 113 A. S. R. 285. The municipal court had jurisdiction of the parties and the subject matter, and authority to render the judgment shown by either set of docket entries at the time it rendered judgment against Remington; the Pipe Company was then in default and likewise liable to a judgment, and the docket entries that appear in exhibit B, which import absolute verity and prevail over those that appear

446

in exhibit A because later in point of time, show such a judgment.

In the circumstances, the findings excepted to were clearly justified. They support the judgment. The Pipe Company knew what the record showed before it filed its answer and should have taken steps to have had it corrected, if erroneous. Having failed to do so it must abide the consequences.

*Judgment affirmed.*