*Bennington, February, 1826.*

*Eddy vs. Cochran.*

---

John LITTLE, appellant, *vs.* John P. Cook, appellee.

*Orleans, March, 1826.*

*Audita querela* is a remedial process which bears solely upon the wrongful acts of the opposite party, and not upon the erroneous judgments or acts of the Court. It is a writ in which the plaint sounds in *tort.* The proper plea is *not guilty;* and damages are recovered against the one who has done the wrong.

If a party has imposed upon the Court and obtained a judgment without the defendant's having his day in Court, or has taken out execution when he was not entitled to it, the aggrieved party will be relieved on *audita querela;* but where the act of the Court is the ground of complaint, the party must resort to his writ of error, where he cannot proceed by motion before the same Court.

The Court will not suffer one party to take advantage of another by means of a wrong entry or mistake in the docket, but will correct the error, either from their own knowledge, or on a verification of the facts by satisfactory affidavits.

When a final judgment is rendered, the award of execution is matter of course; and the want of such entry on the record does not vitiate, but the clerk may supply the omission whenever he discovers it.

AUDITA QUERELA.—The complainant set forth in his writ, in substance, that he had a certain action pending in Orleans county court, against the said *Cook,* which, for aught that appeared by the records of said court, stood open for trial, and that he, believing that he had a right to a trial, appeared with his witnesses, and offered to support his said action; but the Court refused him a hearing, and entered up a judgment against him, for the defendant to recover his costs. Also, that the said Court, in rendering judgment, did not adjudge, order or award that the said Cook might thereof have execution against him; yet he hath taken out execution therefor, and levied the same on the body of the complainant.

Demurrer and joinder in demurrer.

*West* and *Fletcher* in support of the demurrer. The objections to the declaration are,

1st. That a writ of *audita querela* does not lie to reverse a decision made by the same Court, but to set aside a judgment o1

execution obtained by the fraud or injustice of the party, which could not have been plead in bar to the action.—1 *Bac. Ab.* 193.—*Brayt. R.* 27.

2d. The subject matter of complaint is the proceedings of the Court, and not the act, fraud or injustice of the party which must appear in the complaint, or the action cannot be sustained. —14 *Mass. R.* 443.—10 *do.* 101.—12 *do.* 270.

3d. This action does not lie where the party has once pleaded the same matter in Court, or has had an opportunity and neglected to improve it. (*Big. Dig.* 102.—*Jac. L. Dic. tit. Aud. Qu.*) The complaint shows that Little has had his day in Court, and nothing is alleged but what has been submitted to their consideration. It appears that the original cause came on for trial at the county court, Sept. term, 1823 ; that the Court went into "a hearing of the evidence and various allegations and charges on both sides." The cause was there entered "continued" on the clerk's docket ; on the docket of the Court was entered "judgment for defendant" and "continued." At the next term Little appeared, with his witnesses, and demanded another hearing, which the Court refused, having already once tried the cause. It is manifest from the foregoing facts, that *Little* not only had an opportunity, but did in fact urge upon the consideration of the Court the subject matter of complaint, and that the Court decided thereon. From the facts disclosed, no injustice has been done Little. He has once had a fair and impartial hearing, and the Court certainly did right in refusing another trial.

The judgment in the original action was rendered in the usual form; but in recording the judgment, the clerk omitted to say that execution might issue. If the record is defective through the error of the clerk, the Court will direct it amended ; for the parties are not to suffer in consequence of his mistake, when judgment has been properly rendered. (18 *Mass. R.* 351.) But it is contended, that the law awards execution as a matter of course on regular judgments of Court, and that execution might properly issue as the record now stands. [*See Stat.* 87, *sec.* 95.] But if this position be incorrect, it is still contended, that *audita querela* is not the proper remedy, but a writ of error, as the fault cannot be attributed to the party, and the error, if any, is of record.

*Young* and *Sawyer*, contra, contended, that the grievances of which the plaintiff complains could not be made the foundation of a writ of error, because they are not errors in judgment, and because they consist in the facts, that a judgment is entered on the record, where none was rendered, and an execution has issued where none has been awarded.

These, they insisted, were facts which the complainant had had no opportunity to plead in the action, and operated as a manifest injury, for which *audita querela* was the proper remedy. And they cited *Jac. L. D. Tit. audita querela*, and 2 *Sellon's Prac.* 253.

The opinion of the Court was delivered by

Orleans,
March, 1826.

HUTCHINSON, J. *John Little* complains, in his *audita querela*, that he appeared, with his witnesses; the second term, for trial in his action against *Cook*, the cause appearing of record or by the docket minutes, to be open for trial; yet the Court refused him a trial, and ordered judgment entered for *Cook* to recover his costs.

Little
vs.
Cook.

Also, that *Cook* has had his execution, when the Court made no award of execution.

There is a general demurrer to this complaint, and joinder in demurrer.

The last charge above named, regards merely the form of the clerk's entering and recording the judgment. The Court usually, when judgment is rendered, say nothing about the execution, nor is it necessary they should, for it follows of course. It is the right of the party recovering a final judgment, to have execution upon that judgment. And, when the clerk records a judgment, technical form requires that he should add, "whereof he may have execution." If the clerk should mistake and omit this in his record, he should add it as soon as he discovers the defect, just as he would correct any other defect in his recording the judgment. Judgments must not be reversed for want of form in the recording. If the judgment was in fact according to the law of the case, the Court should direct the clerk to make his record show it to be so.

In relation to the charge in the complaint, that the complainant was refused a trial, it appears probable, nor is it denied, that there was a hearing before the Court the first term, and the court wanted to consider of the subject during vacation, and the continuance was really for that purpose, but the entry made by the clerk was general, without adding "for judgment." The second term, the Court rendered their judgment, refusing to hear further upon the merits. If these were the facts, the complainant had no reason to expect a further hearing in the cause, nor could he become entitled to it by the general entry of the continuance by the clerk. Suppose the clerk, by some misunderstanding, had entered the continuance under a rule to be defaulted the next term, when the same was not authorized by any order of Court or consent of the defendant. Such an entry would deprive the defendant of a trial upon the merits, and of his appeal or review in the cause. Would the Court, in such a case, suffer the defendant to be bound down by such mistaken entry? By no means. They ought, from their own knowledge, or satisfactory affidavits, to ascertain the facts, and order the entry to be corrected according to the facts. In the present case the Court must have known whether they had the subject under consideration, to form a judgment, and ordered a continuance for that purpose, or whether they ordered a continuance for a future trial; and it was their duty, the second term, to let neither party suffer by a mistaken entry of the clerk upon his docket.

Orleans,
March, 1826.

Little
vs.
Cook.

But there is a different and very conclusive answer to this objection. The counsel for the defendant have correctly urged that the process of *audita querela* bears solely upon the acts of the opposite party, and not at all upon the judgment of the Court. The complaint should be, not that the Court rendered a wrong judgment, or refused to render a correct one, but that the party has done so and so, not warranted by his judgment, or has imposed upon the Court, and obtained a judgment without the complainant's having his day in Court. If, in the present case, the Court had been of opinion that the defendant was not entitled to his execution when he obtained it, this complaint would have been a proper remedy. But, whenever the complaint is, that the Court did wrong, the party complaining must procure the facts to appear of record, either of course or by a bill of exceptions, and bring his writ of error. Or, in some cases, he may apply to the same Court by motion for a new trial. In the last case, the Court may grant a new hearing *in toto*. And, in case of the writ of error, the Court of errors reverses the erroneous judgment, and proceeds to render such a judgment as the lower court ought to have rendered. In both cases the action is kept alive in Court, till legal justice has been done. While, on the other hand, a decision upon an *audita querela*, which complains of a wrong judgment, if such decision is in favour of the complainant, not only puts an end to that judgment, but drives the action out of Court, and there can be no more proceedings upon it. Moreover, the complainant, in this process, recovers of the opposite party his damages for the wrongful act complained of. The complaint sounds in *tort*, the proper plea is not guilty ; and damages are recovered of the one who has done the *tort*. From all this, it would seem to follow, that, if the wrongful act of the Court is complained of, the complaint should be against the Court, and the damages be recovered of the judges. For this no one will contend. This complaint is against the party recovering the judgment, and yet complains of the doings of the Court in rendering that judgment. For such a case this is not the proper remedy.

> The clerk will enter a judgment of the Court, that the complaint is insufficient, and that the defendant recover his cost.

Skinner, Ch. J. and Royce, J. were absent.

*Augustus Young* and *Joshua Sawyer*, for the complainant.

*Geo. C. West* and *Isaac Fletcher*, for the defendant.