WINDHAM,
February,
1841.

In the matter
of
Wheelock.

---

In the matter of HORACE WHEELOCK, *on Habeas Corpus.*

*(Practice.)*

Where judgment is for the plaintiff, in an action of tort, it is necessary, to prevent the debtor from taking the benefit of the poor debtor's oath, that the court, at the time of rendering the judgment, should adjudge that the cause of action arose from the wilful act or neglect of the defendant, and that a minute of such adjudication be inserted in or certified upon such execution.

Where the certificate was ' that the cause of action arose from the wilful and malicious act of the defendant;' *It was held,* that such certificate was erroneous, and it was ordered to be vacated.

HORACE WHEELOCK preferred his complaint to this court

WINDHAM, substantially stating that he was imprisoned in the common
February, jail by virtue of a writ of execution (a copy whereof was
1841.
——————— annexed) and that by a minute which he was advised and be-
In the matter
of lieved was erroneously and improperly made thereon, he was
Wheelock. obstructed in taking the benefit of the law in relation to poor
debtors, and praying for a *habeas corpus cum causa* and for
further relief. The motion for the writ was granted, and on
return of the *habeas corpus* it appeared that the complain-
ant was imprisoned by virtue of an execution in common
form, issued on a judgment rendered Dec. 19, 1840, by
Thaddeus Alexander, a justice of the peace, in favor of one
James Weaver, whereon was indorsed a minute in the fol-
lowing words :—

" I hereby certify that the cause of action on which the
within judgment was rendered arose from the wilful and mal-
icious act of the defendant.

THADDEUS ALEXANDER, Jus. Peace."

And that the return of commitment thereon was as follows :

" Windham county,ss. Newfane, December 23, 1840, then
by virtue of the within execution to me directed, and for
want of personal property of said Horace Wheelock shewn to
me or found within my precinct to satisfy the same and the le-
gal fees thereon, I took the body of the said Horace Wheelock,
and him committed to the keeper of the county jail in New-
fane, in said county of Windham, within the said prison, and
delivered a true copy of this writ of execution to said keeper,
and this my return hereon thereon endorsed.

Attest,      JONATHAN AUSTIN, Dep. Sheriff."

The counsel for the creditor being in court and appearing
*gratis*, the hearing proceeded.

*Wm. C. Bradley*, for the complainant, after stating that
the officers, to whom the duties under the act in relation to
poor debtors belonged, persisted in treating the minute made
on the execution as a valid one under the statute, contended
that as it did not appear, by the return, that the officer had
ever made any demand on the debtor before taking his body,
agreeably to 3d section of chapter 42, of the Revised Stat-
utes, p. 239, the commitment was illegal, and therefore the
prisoner ought to be discharged absolutely. But, at any
rate, that he ought at least to be kept in prison no longer

than until he could take, if otherwise qualified, the poor debtor's oath, for he contended that the minute on the back of the execution ought to be no obstacle to the complainant's taking the oath, as the certificate did not conform to the requisitions of the statute, chap. 103, section 21, inasmuch as it was not only without date, but did not show that the court had ever *adjudicated* on the wilfulness or malice of the prisoner, either at "the time of rendering the judgment," or at any other time, and it did not even appear, either by the execution or minute, that the action in which the judgment was rendered was " founded on tort," which the statute expressly requires.

WINDHAM,
*February*,
1841.

In the matter
of
Wheelock.

BY THE COURT.—By the existing laws on this subject, it is necessary that the court, rendering any judgment in an action of tort, to prevent the debtor from taking the benefit of the poor debtor's oath, should, " at the time of rendering the judgment, adjudge that the cause of action arose from the wilful and malicious act or neglect of the defendant," and " a minute thereof be inserted in or certified upon such execution." The certificate should be, not that the cause of action arose from, &c., but that, *at the time of rendering such judgment, it was adjudged by the court, that the cause of action, &c.* There is nothing in the present certificate to show that any such adjudication of the court was made at the time of rendering judgment.

It is therefore adjudged by this court, that the certificate in this case, was erroneously and improperly granted, and that the same be vacated and the relator remanded to his custody on the execution.

REDFIELD. J.—From a comparison of the 17th section with the 21st section of chapter 103, of the Revised Statutes, it would seem, that, in order to prevent the debtor, in actions of tort, *from obtaining the liberties of the jail yard*, it is necessary that the court, at the time of rendering judgment, should adjudge, that the cause of action arose from the wilful and malicious act or neglect of the defendant, and *that the court, from a consideration of the facts, do consider, that the defendant ought to be confined to close jail*, and the same be properly certified : And when this latter clause in the certificate is omitted, the debtor is entitled to

WINDHAM,
*February,*
1841.

In the matter
of
Wheelock.

the liberties of the jail yard, upon giving bond, but cannot be admitted to the benefit of the poor debtor's oath, if the former part of the adjudication is properly certified. Such a practice is known to have obtained on *habeas corpus* brought belore the different members of the court, in cases of this character, under the Revised Statutes; but as this case required no such decision, I have not felt justified in reporting any suggestions upon that point, as the opinion of the court.