WALTER CHENEY AND ANOTHER *v.* JOHN McLELLAN, APPELLANT.

*Appeal from Justice of the Peace. Security. Recognizance.*

The security required by way of recognizance, from the appellant for an appeal from the judgment of a justice of the peace must be furnished by some person other than the party appealing. A recognizance as follows : " John McLellan " (who was the appellant) " as principal and $50 cash deposited with the court to respond as surety, recognized to plaintiff in the sum of $50," &c., *held* insufficient under our statute. WHEELER, J., dissenting.

This was a motion to dismiss an appeal from a justice of the peace, on the ground that the defendant, who was the appellant, never gave security by way of recognizance to the adverse party, for his appeal, &c. The justice's record shows that the appellant asked for the appeal, and in respect to the recognizance is as follows : " The appeal is granted, and John McLellan as principal and $50 cash deposited with the court to respond as surety, recognized to the plaintiff in the sum of fifty dollars to insure costs of prosecution." The county court at the June term, 1870, STEELE, J., presiding, adjudged that the appeal be dismissed with costs. Exceptions by the defendant.

*Dale & Robinson*, for the defendant.

*George C. & George W. Cahoon*, for the plaintiffs.

The opinion of the court was delivered by

WHEELER, J. The statute, chapter 31, section 66, of the General Statutes, provides, that upon an appeal from the decision of a justice in civil causes the party appealing shall at the time of the appeal give security by way of recognizance to the adverse party for the prosecution of the appeal to effect and the payment of intervening damages. The liability of the appealing party for the costs and damages occasioned by the appeal would be as great and could be enforced against him to an equal extent, and to as effective a purpose, without his recognizance as with it; his

body and property would be as available upon his liability, as a party to the judgment, as upon his liability as recognizor.  As a party he would be holden to pay the judgment, if one should be recovered against him, and as recognizor he could be holden to pay no more.  By his personal recognizance he gives the adverse party no additional security whatever; he only adds to the methods by which his responsibility may be reached.  This is not the security intended by the statute.  The security which the statute requires is that which will make the adverse party more sure and certain to obtain satisfaction of his claims that may accrue to him against the appealing party in consequence of the appeal in case he prevails upon it.  The statute also requires this security to be given by way of recognizance.  The provisions of the statute must be substantially followed in these respects, and no method, other than that pointed out by the statute, will answer the requirements of the statute.

In this case the person who recognized was of the same name as the party appealing, and as the court below dismissed the appeal and no reason is given for dismissing it except that the recognizer and the appealing party are the same person, it is taken and considered that they are so.

If the deposit of fifty dollars with the justice afforded any security to the adverse party, it was not such security as the statute required.  It was not security by way of recognizance, for a sum of money cannot enter into a recognizance.

The security required must be furnished by some person other than the party appealing, for it must be security other than the responsibility of the party, and must be by way of recognizance, and there can be no recognizance without a person to enter into it.

The security is necessary to perfect the appeal, and without it the appeal is not complete.  No such security as the law requires having been given upon this appeal, it was imperfect and was properly dismissed.

These are the views of a majority of the court.  This statute was passed, March 4th, 1797, in the same words as it now stands in this respect.  The same session, March 7, 1797, an act was passed which required that in certain cases, before process should

issue, sufficient security by way of recognizance should be given to the defendant for the prosecution of the suit to effect, and for the damages in case judgment should be rendered against the plaintiff. Act of March 7, 1797, § 44. Tol. Sts., page 71. The requirements of each of these acts in this respect are expressed in substantially the same words and were doubtless intended to convey the same meaning, for it cannot be supposed that the same legislature, at the same session, and at times so near together that the subjects were probably under consideration at the same time, used expressions so nearly alike with reference to kindred subjects with different meanings.

In *Adams* v. *Davis*, decided in 1800, and reported in 1st Tyler's Reports, page 3, it was decided that the recognizance of the plaintiff only was sufficient under the provisions of § 44, of the act of March 7th, 1797. This decision was as applicable to the act of March 4th, as to § 44 of the act of March 7, 1797, and must have been understood as giving a construction to the provisions in each act. After this construction no change was made in either act in respect to the matter now under consideration until the year 1818. In that year, the legislature, without making a general provision that would have applied to both acts, by direct reference to the provision in relation to giving security by a plaintiff, by name of the act and section, provided that in all cases where security was required under that section, it should be furnished by some person other than the plaintiff. Act of November 11, 1818, § 3. This direct reference to the provision in relation to giving security by plaintiff in a manner that effectively excluded the application of the act to security required by appellants, indicates that the legislature intended to change the former and leave the latter as it then was. The act of 1818 was passed too long after the decision in *Adams* v. *Davis* to warrant any inference that it was passed to correct what the legislature deemed to be a wrong construction of the act it was passed to amend ; for that decision was made within three years of the passage of the act it construed, and the act amending the act that the decision construed was not passed until more than eighteen years after the decision. Nor can it be inferred that the act to which the decis-

ion applied was not amended to obviate the effect of the decision sooner, because the decision was not published, and therefore not generally known sooner, for that volume of Tyler's Reports was published in 1809, nine years before the act was passed amending the act which the decision construed. There is some reason too for the distinction which the act of 1818 seems to have made. A plaintiff may commence a suit whenever he sees fit, and in suits before justices to some extent before a tribunal of his own selection, while a defendant has no choice as to where, and in justice cases, before what court he is to be impleaded. There would seem to have been considerable propriety in requiring plaintiffs to furnish security for costs in suits about to be commenced by them, by some person other than themselves, and in not depriving defendants in justice suits of a trial before a court of general jurisdiction unless they should procure some other person to become surety for them for the costs of the trial and damages for the delay until the trial should be had.

The distinction in the two classes of cases made by the act of 1818, has been continued ever since, and originating as it did it is too important to be overlooked. Gen. St., 285, § 66, 289, § 5. The practice has been generally and perhaps universally in accordance with the construction given by the majority of the court, and that consideration is of importance upon this question, but it seems to me not to be of sufficient importance to override a distinction so plainly made by the legislature itself and virtually to overrule the decision in *Adams* v. *Davis*. For these reasons I have not concurred in the views of the majority of the court.

The judgment of the county court is affirmed.