STATE *v.* J. M. DROWN.

October Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed November 10, 1911.

*Criminal Law—Arraignment and Plea—Necessity—Waiver— Courts—Abuse of Discretion—Refusal to Correct Record.*

In a criminal prosecution, before the trial commences, that is, before the impaneling of the jury begins, the respondent must plead to the information or indictment, or, if on arraignment he stands mute and refuses to plead, have a plea of "not guilty" entered for him, as provided by P. S. 2264, and he cannot waive this requirement; and therefore, where, in a prosecution for rape, respondent was tried and convicted without arraignment and without having pleaded to the information, his conviction was void, although both he and his counsel, well knowing that the court was acting under the erroneous belief that respondent had been formally arraigned and pleaded not guilty, remained silent while in open court that plea was announced and recorded, and without objection allowed the trial to proceed.

Where the record in a prosecution for rape showed a plea of not guilty by respondent, when in fact he had never been arraigned and had not pleaded, the refusal of the trial court, on motion, to order the record to be corrected by amendment was an abuse of discretion which this Court will revise.

INFORMATION charging rape. Record that the respondent was arraigned and thereon pleaded not guilty, but in fact there was neither arraignment nor plea. Trial by jury at the June Term, 1911, Windsor County, *Butler*, J., presiding. Verdict, guilty. After verdict and before judgment, the respondent moved to set aside the verdict for that he did not plead to the information, and also moved for an order that the record be amended and corrected by striking therefrom the minute of the arraignment of the respondent and his plea of not guilty. The court made a finding of the facts recited in the opinion and overruled both motions, to which the respondent excepted.

*Charles Batchelder, L. E. Sherwin* and *T. W. Moloney* for the respondent.

Although a respondent may waive a formal arraignment, he cannot waive a formal plea to the indictment or information. *State* v. *Hughes,* 1 Ala. 655; *Parkinson* v. *People,* 135 Ill. 401; 25 N. E. 764; *Caain* v. *United States,* 162 U. S. 625, 40 L. ed. 1097; *Hill* v. *State,* 1 Yerger 76, 24 Am. Dec. 441; *Jackson* v. *State,* 91 Ala. 55, 24 Am. St. Rep. 860; *Johnson* v. *People,* 22 Ill. 314; *Aylesworth* v. *People,* 65 Ill. 301; *Haskins* v. *People,* 84 Ill. 87, 25 Am. Rep. 433; *Comm.* v. *Hardy,* 3 Mass. 303; *Grigg* v. *People,* 31 Mich. 471; *Sartorinus* v. *State,* 24 Miss. 602; *People* v. *Crobett,* 28 Cal. 328; *Douglass* v. *State,* 3 Wis. 821; *Bowen* v. *State,* 108 Ind. 411, 9 N. E. 378; *State* v. *Chenier,* 32 La. Ann. 103; *Ray* v. *People,* 6 Colo. 231; *State* v. *Vanhook,* 88 Mo. 105.

*Homer L. Skeels, State's Attorney,* for the State.

Arraignment may be dispensed with if a plea is entered. *Allyn* v. *State,* 21 Neb. 593; *Kruge* v. *State,* 1 Neb. 365; *State* v. *Moore,* 30 S. C. 69; *Lynch* v. *State,* 99 Tenn. 124.

The record shows a plea of "not guilty" and the respondent by his silence and by the information that he gave the court through his attorney waived any objection that he had in the making up of the record, and after trial and verdict it is too late for him to ask for any change. The issue was joined. The

jury tried the issue.   The finding of facts shows that the record was correct, hence there was no error.   *Haskins* v. *People*,. 84 Ill. 87; *Griffin* v. *Com.*, 23 Ky. 2148; *Salfner* v. *State*, 84 Md. 299.

WATSON, J.   The respondent, found guilty of the crime· of rape, moved that the verdict be set aside and a new trial granted, for that the cause was submitted to the jury before· he was put to plead to the information.   To the overruling: of the motion respondent excepted.   The clerk made a minute· on his docket showing that the respondent pleaded not guilty. The respondent moved for an order directing the clerk to amend and correct the record in this respect.   This motion was also overruled and exception saved.

On this branch of the case the facts  found by the Court, are presented.   It appears therefrom that on July 24, five or six respondents were severally formally arraigned and pleaded to informations.   The state's attorney then gave notice that this case would be the first for trial.   On July 25, other respondents were formally arraigned and pleaded to informations.

The court inquired of respondent Drown and his counsel, present in court, whether they had received a copy of the ·information and would be ready for trial at two o'clock in the afternoon.   Whereupon, the respondent by his counsel stated that his plea was or would be not guilty, but not having had a copy of the information twenty-four hours as provided by statute, and not being able to get his witnesses, he would not be ready until the next morning.

Soon after the opening of court on the 26th, the respondent and his counsel being present, the court inquired if the respondent was ready for trial, and receiving an affirmative reply from the counsel, the court directed the clerk to call a jury.   After the jury had been impaneled,   the clerk, not finding a minute of the plea on the information, inquired in the presence and hearing of the respondent and his counsel if the respondent had pleaded to the information, and hearing no response, each· of the judges understanding and believing that the respondent had pleaded on the previous day, the presiding judge announced that the respondent had pleaded not guilty.   Thereupon the jury was sworn by the clerk, and the clerk in the presence and hearing,

of the jury, and of the respondent and his counsel, read the information and stated that "upon this information the respondent has been arraigned and pleaded not guilty and puts himself upon the country for trial, which country, gentlemen of the jury, you are."

Neither the respondent nor his counsel interposed any objection, and the trial then proceeded, resulting in a verdict of guilty.

It is found that the court was mistaken in believing that the respondent had been formally arraigned and pleaded not guilty; and that in fact he was not formally arraigned.

It is further found that the respondent and his counsel knew and understood that the court was laboring under the impression that the respondent had been formally arraigned and pleaded not guilty, and when it was so announced in court after twenty-four hours from the time a copy of the information had been delivered to him had elapsed, they remaining silent and making no objection to the recording of such plea, it was then and there so recorded by the clerk.

It is contended by the respondent that without an arraignment and plea there was no issue which could be determined by the jury; and that to put him on trial without arraignment and plea before trial was to deprive him of due process of law. On this question the Supreme Court of the United States has spoken, and we are controlled thereby.

The Criminal Code of Utah requires that in the prosecution for felonies the respondent must be "personally present at the trial." In *Hopt* v. *Utah*, 110 U. S. 579, 28 L. ed. 262, 4 Sup. Ct. 202, the trial of challenges was permitted to take place in the absence of the accused. The government argued that the trial of the indictment began after and not before the jury was sworn, and consequently that the respondent's personal presence was not required at an earlier stage of the proceedings. It was held that the trial commenced at least from the time when the work of impaneling the jury began. It was argued that the right of the accused to be present before the triors was waived by his failure to object to their retirement from the court-room, or to their trial of the several challenges in his absence. It was held that it was not within the power of the accused or his

counsel to dispense with the statutory requirement as to his personal presence at the trial. Thereon the court, speaking through Mr. Justice Harlan, said: "The argument to the contrary necessarily proceeds upon the ground that he alone is concerned as to the mode by which he may be deprived of his life or liberty, and that the chief object of the prosecution is to punish him for the crime charged. But this is a mistaken view, as well of the relations which accused holds to the public as of the end of human punishment. The natural life, says Blackstone, cannot legally be disposed of or destroyed by any individual, neither by the person himself nor by any other of his fellow creatures, merely upon their own authority. 1 Bl. Com. 133. The public has an interest in his life and liberty. Neither can be lawfully taken except in the mode prescribed by law. That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused, much less by his mere failure when on trial and in custody, to object to unauthorized methods. The great end of punishment is not the expirtion or atonement of the offence committed, but the prevention of future offences of the same kind. 4 Bl. Com. 11. Such being the relation which the citizen holds to the public, and the object of punishment for public wrongs, the Legislature has deemed it essential to the protection of one whose life or liberty is involved in a prosecution for felony, that he shall be personally present at the trial, that is, at every stage of the trial when his substantial rights may be affected by the proceedings against him. If he be deprived of his life or liberty without being so present, such deprivation would be without that due process of law required by the Constitution."

In *Crain* v. *United States*, 162 U. S. 625, 40 L. ed. 1097, 16 Sup. Ct. 952, the record did not show that the accused was ever formally arraigned, or that he pleaded to the indictment, unless all this was to be inferred from the order made at the opening of the trial and as soon as the accused appeared, reciting that the jury were selected, impaneled, and sworn "to try the issue joined," and from the statement in the bill of exceptions that the jury were "sworn and charged to try the issue joined."

The opinion, written by the same learned Justice, after

noticing many authorities, states it to be the prevailing rule in this country and in England, at least in cases of felony, that a plea to the indictment is necessary before the trial can be properly commenced, and that unless this fact appears affirmatively from the record the judgment cannot be sustained; that until the accused pleads to the indictment and thereby indicates the issue submitted by him for trial, there is nothing for the jury to try; and the fact that he did so plead should not be left to be inferred from a general recital in some order that the jury were sworn "to try the issue joined;" and that the record should be a permanent memorial of the issue tried, and show whether the judgment whereby it was proposed to take the life of the accused or to deprive him of his liberty, was in accordance with the law of the land. It is further said that these views seem to be the necessary result of the Federal statute which provides: "When any person indicted for an offence against the United States, whether capital or otherwise, upon his arraignment stands mute or refuses to plead or answer thereto, it shall be the duty of the Court to enter the plea of not guilty on his behalf in the same manner as if he had pleaded not guilty thereto. And when the party pleads not guilty, or such plea is entered as aforesaid, the cause shall be deemed at issue, and shall, without further form or ceremony, be tried by a jury;" that this statute proceeds upon the established principle that before a criminal trial can be legally commenced there must be an issue to try, and that a plea by or for the accused is essential to the formation of the issue; that the section of the statute quoted requires the entry of the plea before the trial commences; that neither sound reason nor public policy justifies any departure from settled principles applicable in criminal prosecutions for infamous crimes; that the rule requiring the record of a trial for an infamous crime to show affirmatively that it was demanded of the accused to plead to the indictment, or that he did so plead, is not a matter of form only, but of substance, in the administration of the criminal law; that due process of law requires that the accused plead, or be ordered to plead, or, in a proper case, that a plea of not guilty be filed for him, before his trial can rightfully proceed; and that the record of his conviction should show distinctly, and not by inference

merely, that every step involved in due process of law and essential to a valid trial was taken in the trial court; otherwise the judgment will be erroneous. The judgment was reversed and the case remanded that the respondent might be properly arraigned and plead to the indictment, and for further proceedings in conformity with law.

In substance and effect the Federal statute quoted above is not materially unlike the statute of this State passed in February, 1787, which reads: "That in all criminal cases, where the party indicted or complained of shall, on being arraigned, obstinately refuse to plead and be tried in due course of law, such standing mute shall be adjudged to amount to, and be, a proper traverse or denial of the facts charged in the indictment or complaint, and the trial shall thereupon proceed in like manner, and the same judgment shall be given against the said party, if found guilty, as if he, she, or they had, on being arraigned, duly plead, and in proper form respectively put themselves on their trial." Statute of 1787, p. 104. This statute, without material change, has hitherto thus remained. P. S. 2264. By statute of 1797, Ch. 9, Sec. 37, it is provided, "That every person indicted for any crime mentioned in this Act, who shall have duly pleaded to the indictment found against him, and put himself on the country for trial, shall be permitted peremptorily to challenge six of the jurors, and as great a number further, as he or she can show good cause for challenging."

The law of section 2274 of the Public Statutes, is in substance the same, though the form of the verb is changed from the present perfect to the present tense. These provisions of our statutes, like the Federal statute, clearly contemplate and require that the respondent shall plead to the information or the indictment, or in a case proper therefor, that a plea be entered for him, before the trial commences, that is, before the work of impanelling the jury begins.

In the case at bar this was not done. The respondent was not called upon to plead, and he did not plead, to the information at any time before the trial. It follows that there was no issue legally before the jury, and that the proceedings had did not conform to due process of law. Peculiarly applicable here is the principle declared in the Hopt case and re-affirmed

in the Crain case, "That which the law makes essential in proceedings involving the deprivation of life or liberty cannot be dispensed with or affected by the consent of the accused, much less by his mere failure, when on trial and in custody, to object to unauthorized methods."

Clearly the record showing a plea of not guilty by the respondent was incorrect, and the refusal by the trial court to order the same corrected by amendment on respondent's motion was an abuse of discretion which will be revised in this Court. With the record so amended, the verdict is erroneous, and the motion to set it aside and for a new trial should have been granted.

The defects in the information urged under the motion in arrest of judgment, if defects they are, can be easily remedied by amendments on remand of the case.

*Judgment reversed and cause remanded.*