## LENA LEVIN *v.* H. S. PECK.

### November Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

### Opinion filed February 6, 1915.

*Justice Ejectment—Appeal by Defendant—Recognizance— Entry in Record—Sufficiency—Form—City Court of Burlington—Correction of Record—Power of Court—Amendment—Variance in Debt on Recognizance—Delay of Judgment Creditor—Discharge of Surety—Declaration in Debt on Recognizance—Sufficiency on Motion in Arrest.*

A notation made by a municipal judge on the back of the original writ in an action of justice ejectment that defendant on appeal "recognized to the plaintiff in the sum of $50 as provided by law" is a sufficient minute of a recognizance taken under P. S. 1876, regulating appeals in such actions, for although not the record itself, the notation was an entry as of record which, when properly extended on the book of record, would show a valid recognizance.

Since the city court of Burlington is given the same power over its records that county courts have under the common law or by statute, it had power, two years after a recognizance was taken, to amend its formal record by correcting an entry of the recognizance from a minute noted by the court on the back of the original writ in an action of justice ejectment.

On review the exceptor will not be allowed to reply on a point not made below.

Where plaintiff, in an action of justice ejectment in the city court of Burlington, had judgment in his favor in the county court on appeal, and then sued in the city court on the recognizance taken on appeal, under P. S. 1876, he may have the benefit of any amendment by the city court of its record in the ejectment suit, which is proper under its authority as a court to amend and perfect its record, for, although the appeal copies filed in county court are treated as originals in that court for the purpose of a *scire facias,* the true original remains in the city court.

Under P. S. 1876, regulating appeals in justice ejectment and provid-
ing that on·appeal defendant "shall give security by way of rec-
ognizance with sufficient sureties," such recognizance is sufficient
though defendant did not join in executing it, and so, in an action
of debt on such a recognizance, there is no variance between the
allegation of a recognizance, substantially in the words of the
statute, and proof of a recognizance wherein defendant did not
join.

In an action of debt on an appeal recognizance, delay of the
appellee in procuring execution against the judgment debtor,
although urged to do so by the surety on the recognizance, will
not discharge such surety.

A declaration in an action of debt on an appeal recognizance, which
alleged that the recognizance was entered into on appeal to the
Chittenden county court from the city court of Burlington, is
good on a motion in arrest of judgment on the ground that the
declaration failed to state the authority before whom the recogniz-
ance was taken.

DEBT on an appeal recognizance. Plea, the general issue.
Trial by the city court of Burlington on September 4, 1914, *C.
S. Palmer,* Judge. Judgment for the plaintiff. The defendant
excepted. The opinion states the case.

*H. S. Peck* and *J. E. Cushman* for the defendant.

*Cowles* and *Stearns* for the plaintiff.

MUNSON, J. This is an action of debt brought in the city
court of Burlington on a certain recognizance which is alleged
to have been entered into by the defendant upon the allowance
of an appeal from a judgment rendered by that court in an
action of justice ejectment. The defendant pleaded, among
other things, that there was no such record as that set forth in
the declaration, and trial was had by the court.

The plaintiff offered the record of the recognizance sued
upon as it appeared in the record book of the city court. The
defendant objected to the record on the grounds that it did not
show the recognizance required by the statute, that the recogniz-
ance as taken and shown was void, and that the record did not
support the declaration but occasioned a fatal variance.

The condition of the recognizance, as set out in the record book, was that the defendant should prosecute his appeal to effect, and answer and pay all. intervening damages occasioned by the delay, with additional cost if the judgment should be affirmed. This is the recognizance required in ordinary justice appeals. P. S. 1651. The recognizance required in justice ejectment appeals is that the defendant will enter the action in the county court and pay the rent then due, and intervening rent, damages and costs. P. S. 1876.

When the above objection was made the plaintiff asked leave to amend the record as it appeared in the record book, in conformity with the facts, by substituting in lieu thereof the minute of the recognizance entered on the original writ. This minute reads as follows: "Now within two hours the defendant asks for and is granted an appeal to the next stated term of the Chittenden county court. H. S. Peck recognized to the plaintiff in the sum of $50, as provided by law." The defendant objected to amending the record by this substitution, and his objection was sustained, the plaintiff excepting.

Thereupon the defendant moved for a judgment, for the. reason that the record offered was incompetent to prove the recognizance required by the statute in cases of justice ejectment, and for the further reason that neither the minute of the recognizance on the writ, nor the record thereof as set forth in the record book, sustained the declaration. The motion was overruled and the defendant excepted.

The plaintiff then asked leave to file a written motion to amend the record as contained in the record book, so that it might conform to the facts as claimed. The court inquired into the facts relating to the recognizance, and granted the leave, against defendant's objection, and the motion was thereupon filed. The record was then amended on plaintiff's motion, so that the condition of the recognizance as stated corresponded with the requirement of P. S. 1876; and the record so amended was received in evidence under the defendant's exception.

The entry upon the back of the writ was a sufficient minute of a recognizance taken under P. S. 1876. Although not the record itself, it was an entry as of record. Properly extended on the record book, it would have shown a valid recognizance. The failure to show this was due to a mistake made in the recording. The minute showed that the defendant had become

recognized "as provided by law," and the law referred to was manifestly the statute applicable to the case shown by the writ upon which the entry was made. The recording officer erroneously made out the record as if taken under the statute applicable to cases of another class.

The court could direct an amendment of the record to make it conform to the minute entered on the writ. The city court is given the same power over its records that county courts have under the common law or by statute. A county court has a revisory power over its records, and can correct them if erroneously made. *Mosseaux* v. *Brigham,* 19 Vt. 457. The fact that this correction was made two years after the recognizance was taken did not render it ineffective. The city court, like the county court, is permanent in character, and its exercise of this power is not limited to a particular term or occasion. The defendant calls attention to the fact that the original record was signed by one who took the recognizance as acting judge, and that the record as amended was signed by the judge who sat in this trial and ordered the amendment made; but it is not necessary to consider this fact, for no point was made of it in the court below.

The defendant argues that when the appeal was entered in the county court the entire record went up, including the record of the recognizance, and that after this the city court had no jurisdiction over the record of recognizance, and no power to amend it. No conclusion adverse to the plaintiff's claim can properly be drawn from the cases which deal with the procurement of amendments to appeal papers when required in the appellate court. The question here is as to the right of the court which has taken a recognizance for an appeal to correct its record of it, in furtherance of a remedy sought by the appellee after he has obtained a judgment on the appeal. The judgment on appeal fixes the amount recoverable on the recognizance if valid, but does not confine the appellee to remedies available only in the appellate court. The appeal copies filed in the county court are treated as originals in that court for the purposes of a *scire facias,* but the true original remains in the court of original jurisdiction; and an appellee bringing suit upon the recognizance in that court can have on the trial the benefit of such an amendment of its record as is within the general power of the court. See *Carlton* v. *Young,* 1 Aik. 332.

The defendant claims that the recognizance is void because of the failure to include the appellant. The statute is that the defendant "shall give security by way of recognizance with sufficient sureties." It was early held, under a statute worded substantially the same, that it was not necessary that the party be joined in the recognizance. Vt. Dig. 2341, pl. 10; *Chittenden* v. *Catlin,* 2 D. Ch. 22. See *Cheney* v. *McLellan,* 43 Vt. 157. This sufficiently answers the defendant's further claim, that the allegation of a recognizance, substantially in the words of the statute, and the record received in evidence, constitute a variance.

The judgment debtor was in Burlington on the first and second days of May, and defendant notified creditor's counsel on the first that the debtor was there, and told him that he had better issue execution at once, but it was not taken out until the third. There is nothing here that can avail the defendant. It has been held that the delay of an appellee in collecting the judgment of the principal, although urged by the surety to use diligence, will not discharge the surety from his liability on the recognizance. *Hubbard* v. *Davis,* 1 Aik. 296.

It is claimed under a motion in arrest that the declaration is fatally defective because of a failure to state the authority before whom the recognizance was entered into. No copy of the declaration has been handed up; but the case states that the recognizance sued upon is alleged to have been entered into upon an appeal to the Chittenden county court from the city court of Burlington. This indicates an allegation sufficient on motion in arrest.

*Judgment affirmed.*