ARTHUR E. PITKIN v. JOHN MUNSELL.

February Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Execution—Close Jail Certificate.*

A motion for a close jail certificate, under P. S. 2106, in an action of tort was properly denied where at the time of rendition of judgment for plaintiff the court failed to adjudge "that the defendant ought to be confined in close jail."

CASE against a boy thirteen years of age for with a bicycle negligently running down and injuring the plaintiff's daughter, who was about twelve years of age, while she was walking on the sidewalk. Plea, the general issue. Trial by jury at the December Term, 1914, Windsor County. Verdict and judgment for the plaintiff. At the time of rendition of judgment plaintiff moved for a close jail certificate. Motion denied, to which the plaintiff excepted. At the time of rendering judgment on the verdict the court found and adjudged only as follows:

"It appeared among other things that the defendant at the time of the injury complained-of was a boy thirteen years of age, too young to fully comprehend, in the judgment of the court, the consequences of his act: that he was unlawfully and wilfully riding a bicycle on a walk, well defined, used as a sidewalk, and when so riding, with less judgment than would be expected by a person of mature age, he accidentally struck the plaintiff's daughter, who with a companion was properly going along the sidewalk and caused the injuries complained of. The riding on the sidewalk, and the act or neglect which caused the injury was wilful but the injury was accidental and without malice. The damages recoverable in this action, if any, are for the necessary care, nursing and medical attendance, etc., furnished by the plaintiff under his declaration. If the action of the court on the facts is a matter of discretion, as we hold it to be, the motion is overruled and the close jail certificate is denied."

*Davis & Davis* for the plaintiff.

*William Batchelder* and *Raymond Trainor* for the defendant.

WATSON, J.   The plaintiff moved for a close jail certificate. At the time of rendering judgment on the verdict, the court found that the defendant, at the time of the injury complained of, was a boy thirteen years of age, "too young to fully comprehend, in the judgment of the court, the consequences of his act;" that his riding on the sidewalk, and his act or neglect which caused the injury, "was (were) wilful, but the injury was accidental and without malice." The court did not adjudge in connection therewith "that the defendant ought to be confined in close jail," without which no certificate could be granted. P. S. 2106; *In re Wheelock,* 13 Vt. 375.

*Judgment affirmed.*