VERMONT EVAPORATOR CO. *v.* CHARLES E. TAFT.

February Term, 1936.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed May 5, 1936.

210

*A. L. J. Crispe* for the defendant.

*Carpenter & Clawson* for the plaintiff.

MOULTON, J. The plaintiff recovered judgment against the defendant in an action in tort tried before the Brattleboro municipal court. At the time of the rendition of judgment the plaintiff moved for a certified execution upon the ground that the defendant's act was wilful and malicious, and the motion was granted. The defendant brought the cause to this court on exceptions, one of which was to the granting of the execution. This exception was waived, because it was not briefed. After hearing before us, the judgment of the trial court was affirmed. 107 Vt. 400, 181 Atl. 100.

When the files in the cause were returned to the trial court the plaintiff applied for the issuance of the execution. The defendant objected that the record was insufficient because it did not appear therein that the court adjudged that "the cause of action arose from the wilful and malicious conduct of the defendant and that he ought to be confined in close jail" as required by P. L. 2195. The plaintiff then moved to have the record amended. At this time Judge Hughes, before whom the case had been tried, had retired from office, and Judge Gibson had been appointed to succeed him. A hearing was held, at which Judge Hughes testified that it had been his intention to enter the prescribed form on the docket, and the transcript of the trial was received in evidence, with the result that Judge Gibson ordered the docket entry to be made in the statutory form, and directed the certified execution to issue. The defendant excepted.

The transcript of the trial contains the following: "Plaintiff moves for close jail execution on the ground that the conversion was wilful and malicious. Motion granted." And the docket entry, before amendment, was "Plaintiff moves for close jail certificate which was granted." The ruling was by necessary implication an adjudication that the necessary wilfulness and malice were found to exist, and that the defendant ought to be confined in close jail.

█ Municipal and county courts possess the same power over their respective records. *Levin* v. *Peck*, 88 Vt. 507, 510, 93 Atl. 256. Either may, independently of statute, in its discretion revise and correct them if erroneously made because of mistake or accident not due to the neglect or fault of the parties. *St. Pierre* v. *Beauregard*, 103 Vt. 258, 261, 152 Atl. 914, and cases cited. *Levin* v. *Peck, supra;* and see *State* v. *Drown*, 85 Vt. 233, 240, 81 Atl. 641; and *In re Estate of Prouty*, 105 Vt. 66, 73, 163 Atl. 566. "Judgment must not be reversed for want of form in the recording. If the judgment was in fact according to the law of the case, the court should direct the clerk to make his record show it to be so." *Little* v. *Cook*, 1 Aik. 363, 365, 15 Am. Dec. 698.

█ Here, as in *Levin* v. *Peck, supra*, the original entry if extended in full upon the record would have been sufficient beyond question. The evidence tended to show that the failure

so to extend it was due to the inadvertence of Judge Hughes, and it is to be presumed, the contrary not appearing, that Judge Gibson found the facts necessary to sustain his order making the amendment and issuing the execution. *Pierce* v. *Pierce*, 70 Vt. 270, 271, 40 Atl. 728. No abuse of discretion is perceived.

*Pitkin* v. *Munsell*, 90 Vt. 268, 269, 97 Atl. 657, and *In re Wheelock*, 13 Vt. 375, 377, cited by the defendant, are not in point. In neither was there any issue as to the amendment or correction of the record. In the Pitkin case the finding made at the time of rendition of judgment was that the act that caused the injury was "wilful, but that the injury was accidental and without malice," and there was no adjudication that the defendant ought to be confined in close jail. The trial court had refused the certificate and there was no finding of a malicious act. Here it was present, impliedly, at least. In the Wheelock case the certificate indorsed upon the execution was defective in that it omitted to state that the defendant ought to be confined in close jail, and there was nothing therein to show that any such adjudication had been made at the time of rendering judgment.

■ The defendant says that the court erred in excluding evidence tending to show that there was no inadvertence or mistake in the original entry. His brief refers us to no specific exception upon which he relies, and so there is nothing presented for our determination. *West Rutland Trust Co.* v. *Houston*, 104 Vt. 204, 209, 158 Atl. 69, 80 A. L. R. 664.

It is unnecessary to consider whether the waiver of the exception to the granting of the motion for a certified execution when the cause was previously before this court precluded the defendant from objecting to the correction of the record.

*Judgment affirmed.*