### Paul Fournier v. Leon Burby

[148 A2d 362]

November Term, 1958

Present: **Cleary, C. J., Adams, Hulburd, Holden and Shangraw, JJ**

Opinion Filed January 6, 1959.

*Hanford G. Davis* for the defendant.

*L. John Cain* for the plaintiff.

**Holden, J.** In this action the plaintiff seeks recovery on an oral contract for the purchase of an airplane. The defendant is the seller and pleaded a general denial and the Statute of Frauds. Verdict and judgment were for the plaintiff and the defendant appeals and presents three exceptions.

The evidence, though conflicting, was such that the jury could properly find these facts: The defendant agreed to sell his plane to the plaintiff for $1075. The agreement was reached by telephone conversation between the parties on July 21, 1957, and provided for delivery of the aircraft after necessary repairs, government inspection and licensing had been completed. During the course of the telephone communication, the defendant requested the plaintiff to bring him two hundred dollars "to seal the bargain." It was arranged that the plaintiff pay this amount to Alphonse Quesnel,

the manager of the Middlebury Airport where the plane was maintained. The following day, the plaintiff gave his check for $200 to Quesnel and received a memorandum to this effect.

On July 28, the plaintiff went to the Middlebury Airport to obtain delivery of the plane, but the necessary repairs and inspection had not been completed. He returned August 4, prepared to pay the balance of the purchase price and accept delivery. On this occasion the defendant informed the plaintiff that the expense incurred in repairing the plane for the required inspection and licensing was greater than originally estimated. The defendant sought to increase the original price agreed upon by $171.58, the cost of the repairs. After some deliberation, the plaintiff decided not to take the plane at the increased price and communicated this decision to the defendant through Quesnel. The defendant returned the check, without endorsement by letter postmarked August 6. Thereafter the defendant sold the airplane elsewhere.

During the trial, the plaintiff offered the memorandum given him by Quesnel on July 22 as the receipt for his check. In addition to acknowledging receipt for two hundred dollars, the paper contained the notation "Plane Bal. $875.00." The offer was received as an exhibit over the defendant's objection that it was hearsay and without proper foundation. The defendant saved a specific exception on the ground that Quesnel had no authority to state the balance due of $875.00.

There was no dispute in the evidence that Quesnel was involved in the transaction. Nor is it questioned that he was specially authorized to accept the two hundred dollars from the plaintiff.

█ Statements made by an agent in the course of executing the authority entrusted to him have testimonial value to the same extent as if made by the principal himself. The question of the admissibility of the agent's statement turns on the scope of his authority. *Jones* v. *Gay's Express*, 110 Vt 531, 534, 9 A2d 121; *Cameron* v. *Blanchard*, 107 Vt 51, 55, 176 A 290; *Gilfillan* v. *Gilfillan's Estate*, 90 Vt 94, 96 A 704; 4 Wigmore, Evidence, 3rd Edition, §1078, p. 119.

The evidence discloses that Quesnel participated in the dealings and negotiations between the parties from their inception.

It appears that Quesnel was nearby the defendant during the defendant's telephone conversation with the plaintiff at the time the oral contract was made. It further appears that the defendant interrupted this communication to confer with Quesnel, before settling on the price and requesting part payment. These facts and circumstances are sufficient to make the scope of Quesnel's authority a question for the jury. And if the jury determined the statement on the receipt was made as a part of the transaction, within the range of the agent's authority, the declaration of the writing was proper evidence against the defendant as the principal. *Gilfillan* v. *Gilfillan's Estate, supra,* 90 Vt at 100, 96 A at 707.

■ A receipt is not a contract and the exhibit was not treated as such by the court or by either of the parties. The terms, meaning and intended effect of a receipt may be explained or contradicted by parol evidence. *Drown's Gdn.* v. *Chesley's Estate,* 92 Vt 19, 23, 102 A 102, LRA 1918 A, 1056; *Bennett* v. *Flanagan,* 54 Vt 549, 550. Compare *Raymond* v. *Roberts,* 2 Aiken 204 at 208. Here the receipt given the plaintiff was open to proof that the balance was incorrectly stated or erroneously included. See 40 Am Jur, Payment, §288, p. 899; 70 CJS, Payment, §§48, 49, pp. 253-254. After the exhibit was received in this case, the defendant availed himself of this opportunity through the witness Quesnel. He explained in some detail how the balance of $875 came to be written on the memorandum, and that this writing was done at the suggestion of the plaintiff. No error appears.

At the close of the evidence, the defendant moved for a directed verdict on the ground that the delivery of the plaintiff's check did not constitute a part payment of the purchase price and hence the Statute of Frauds was not satisfied. Applicable language of the Uniform Sales Act provides that a "contract for the sale of goods, wares or merchandise for the price of $50.00 or more shall not be valid, unless the purchaser * * * * * gives something in earnest to bind the bargain, or in part payment * * * * * ." V. S. 47, §7856, (I).

■■ There is no dispute in the evidence that the two hundred dollars represented by the plaintiff's check was re-

quested, delivered and received as a part payment of the final purchase price. This whole controversy centers on what amount was fixed for the final payment. Partial payment by check fulfills the requirements of the statute if it appears this method of payment was acceptable to the seller. *Technical Economist Corp.* v. *Moore,* 255 Mass 591, 152 NE 83, 86. The evidence confirms there was an acceptance by the defendant. Although the check was subsequently returned to the buyer some two weeks after it had been accepted by the defendant, it was not returned for fault in the method of payment. The purport of the evidence is that it was returned for the reason that the defendant did not want to go through with the sale at the price the plaintiff claimed was originally agreed upon. The defendant's refusal to perform does not alter or destroy the effect of prior payment. See *Technical Economist Corp.* v. *Moore, supra,* 255 Mass 591, 152 NE at 86.

We recognize there is some authority in other states to support the position of the defendant. See *Bates* v. *Dwinell,* 101 Neb 712, 164 NW 722, LRA 1918 B, 900, and annotation. It appears that the opposing authority is based on the proposition that the buyer's check amounts only to a conditional payment. However, even if such payment be regarded as conditional, it seems the better authority holds that the statute is satisfied unless the instrument is fraudulent or dishonored. See Williston, Sales, Revised Ed. §98, p. 242.

The check was not renounced for any defect in the ininstrument; it was returned for a different reason. See *Curran* v. *Bray Wood Heel Co.,* 116 Vt 21, 26, 68 A2d 712, 13 ALR2d 728. Upon these facts the defendant's motion for a directed verdict was properly denied.

The defendant requested the court to set aside the verdict on a claim of prejudice arising from the trial court's reference to a witness as an expert during the judge's instruction to the jury. It appears that the witness had been in the business of buying and selling airplanes for several years. Over the defendant's objection he was permitted to give his opinion of the value of the aircraft. An expert was called by the defendant to meet this testimony. With some inconsistency, the defendant concedes there was no error in permitting the plaintiff's

witness to testify on the subject, but claims it was improper to refer to him as an expert, in the course of the charge. The defendant saved an exception to this characterization of the witness in the court's instructions.

The question of the competency of the witness was a preliminary matter for the court to decide. We are concluded by the ruling of the trial judge on the point unless it is made to appear from the evidence that his decision was clearly erroneous. *Purington* v. *Newton,* 114 Vt 490, 493, 49 A2d 98; *Capital Garage Co.* v. *Powell,* 97 Vt 204, 210, 122 A 423. The ultimate weight to be given to the testimony of the expert, if in conflict with other expert testimony on the same point, was for the jury. *Domina* v. *Pratt,* 111 Vt 166, 174, 13 A2d 198. The charge of the court on the subject of expert testimony in the case was adequate and fair to the defendant. The defendant does not refer us to any part of the record to indicate wherein the court's treatment of the matter was erroneous. Since the motion to set aside the verdict on the ground stated was addressed to the court's discretion, we will not upset the trial court's ruling unless discretion was withheld or abused. *Macauley* v. *Hyde,* 114 Vt 198, 206, 42 A2d 482; *Woodhouse* v. *Woodhouse,* 99 Vt 91, 152, 130 A 758. The record satisfies us that the discretion invoked was soundly applied.

*Judgment affirmed. Defendant's motion for leave to reargue denied. Let full entry go down.*