## Jacqueline Corytsas v. Paraskevas Kyriacou, Maria Kyriacou

[271 A.2d 852]

No. 64-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 1, 1970

*Lisman & Lisman,* Burlington, for Plaintiff.

*A. Pearley Feen* and *Paul D. Sheehey,* Burlington, for Defendants.

**Smith J.** The only issue presented here is an exception to the sustaining of an objection to the opinion of a witness as to whether the value of the plaintiff's services exceeded the value of the compensation which she received.

The action was one in the common counts in which the plaintiff sought to recover the reasonable value of her services as an employee in a motel owned by the defendants. The defendants in their answer denied any obligation to the plaintiff and pleaded payment. The principal controverted issue in the case was the occupancy on the part of the plaintiff and her husband of a house on the premises of the defendants, which the plaintiff claimed was made necessary by reason of her employment at the motel, while the defendants alleged that the occupancy of such house was to be in lieu of all other payments for the services rendered to them by the plaintiff. The verdict of the jury was for the plaintiff, and damages were awarded in the amount of $12,000.00.

In the course of the trial, the defendants called as a witness one John Olson and qualified him both as a former motel operator and a professional appraiser of real estate

values. The question by the defendants of the witness Olson, which was excluded, was in the following language:

"In your opinion Mr. Olson, based on your experience in the operation of motels and your knowledge of the value of real estate, and your observation of the services performed on the Lane Motel, would you tell us whether the services of Mrs. Corytsas at the Lane Motel were worth anything more than the value of the use of the property that they occupied there."

The objection taken to the admission of the answer of Mr. Olson by the plaintiff was a general one, on no specified grounds, nor did the defendants make any offer to show what the answer would have been to the question if allowed to be propounded. For this reason, if for no other, the exception was unavailing and we may sustain the ruling upon any legal grounds. *Barrows* v. *Powell*, 113 Vt. 109, 116, 29 A.2d 708 (1943).

While the defendants have chosen to view the ground of the objection as being the lack of expertise on the part of the witness, there is nothing before us to indicate that this was the ground of the objection, or the reason for the ruling of the court. If so, the ruling would have been correct on such grounds, for the previous testimony of Mr. Olson was that he did not know the value of the use of the property occupied by the plaintiff, including utilities, nor did his testimony show that he had made a sufficient observation of the services of the plaintiff to establish their worth, having been inside the motel only once during the time of plaintiff's employment and having been absent from the vicinity of the motel during the winter months.

■ It was the province of the trial court, as a matter of discretion, to determine whether a witness is qualified as an expert. Nothing appears in the record before us that the defendant offered the witness as an expert on the matter inquired of him, or that the trial court abused or withheld the exercise of its discretion. *State* v. *Brown*, 125 Vt. 58, 62, 209 A.2d 324 (1965).

■ Moreover, the question asked the defendants' expert was the very question which the jury had to decide and

tended to invade the province of the jury. *Tinney* v. *Crosby*, 112 Vt. 95, 100, 22 A.2d 145 (1941) ; *Hutchinson* v. *Knowles*, 108 Vt. 195, 209, 184 A. 704 (1936).

It should be further added that no offer of proof was made in connection with the rather confusing question asked of Mr. Olson, nor did the defendants offer to show what the answer would have been had he been permitted to answer the question. No prejudice is shown by the defendants and this Court would be in error if it reversed the ruling of the trial court. *Fournier* v. *Burby*, 121 Vt. 88, 93, 148 A.2d 362 (1959).

*Affirmed.*