Harry KAUFMAN, Appellant,

v.

George SOLOMON and George Teslo-
vich, Individually and trading as Solo-
mon & Teslovich, Appellees.

No. 75–1159.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Sept. 10, 1975.

Decided Oct. 22, 1975.

Harold Gondelman, Baskin, Boreman,
Wilner, Sachs, Gondelman & Craig,
Pittsburgh, Pa., for appellant.

Gerald R. Solomon, Uniontown, Pa.,
for appellees.

Before ALDISERT, GIBBONS and
WEIS, Circuit Judges.

OPINION OF THE COURT

WEIS, Circuit Judge.

This appeal has its basis in an alleged
oral contract for the sale of an item of

construction equipment, a 475 Michigan Loader, Series III, 12 cubic yard, at a price of $60,000.00. The district court granted the defendants' motion for summary judgment on the ground that the statute of frauds provision of the Uniform Commercial Code, § 2–201, barred the action. We conclude that the existence of a factual issue as to the payment-and-acceptance exception of the statute requires that the judgment be vacated and the case remanded.

The facts, gleaned from the pleadings and pretrial narratives of the parties and viewed by the trial court in the light most favorable to the plaintiff as the party opposing the motion for summary judgment,[1] establish the following:

The plaintiff and defendants are construction contractors. Defendants owned a Michigan Loader, and on May 25, 1974 plaintiff discussed with them the purchase of that equipment. On May 29, 1974, plaintiff alleges that a price of $60,000.00 was agreed upon. On the same day, the plaintiff delivered to the defendants his check in that amount, with a notation on the face "(Pd. in full 475 Michigan)." However, when the plaintiff later asked for delivery of the loader, defendants refused to comply. Defendants did not cash the plaintiff's check but retained it for thirty days before returning it unendorsed and unaltered in any respect. Plaintiff then filed suit for damages.

This is a diversity action, and the parties have agreed that the law of Pennsylvania applies. The Uniform Commercial Code is in effect in that state and the pertinent provision appears at 12A P.S. § 2–201. The portions relevant to this appeal read:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker . . .

\* \* \* \* \* \*

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

(a) \* \* \* \* \*

(b) \* \* \* \* \*

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted."

■ The district court found that, since the defendants never signed or endorsed the check, it did not constitute a writing which would be enforceable against them under subsection (1). We find no error in this conclusion. See Anderson, Uniform Commercial Code § 2–201:23.[2]

■ The fact that the check was not a "writing" within § 2–201(1) does not however preclude its use as "payment" under subsection (3). The parties apparently do not contest the proposition that a check may indeed constitute "payment" in this instance, despite its "conditional" nature in other circumstances. See 12A P.S. § 2–511(3). Moreover, we note that Comment 2 to the section of the Code under consideration states that "[t]hus, part payment may be made by money or by check, accepted by the seller." See Restatement of Contracts

1. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 10 C. Wright and A. Miller, Federal Practice and Procedure § 2716 at 430 (1973).

2. The district court also held that the parties were not merchants and therefore § 2–201(2) did not apply. Since the plaintiff did not assert any facts to establish otherwise, the district court's ruling was not erroneous. However, since the case must be remanded in any event, the plaintiff will not be precluded from offering evidence which might require further consideration of this issue.

§ 205; 2 Corbin on Contracts § 495. We have no hesitancy in accepting the district court's implied conclusion that payment may be made by check because such practice is consistent with the reality of common business usage. Moreover, the purpose of the statute of frauds—requiring some evidence of an overt act to establish the existence of an agreement—is at least as well served by the transfer of a check as it would be if currency were used. *See also* Anderson, *supra,* § 2–201:42.[3]

■ The real issue in this case is whether there was an "acceptance" of payment by the sellers. Citing *Presti v. Wilson,* 348 F.Supp. 543 (E.D.N.Y.1972), the district court held that, in the absence of endorsement or negotiation, there was no objective evidence of assent by the sellers and the failure to return the instrument promptly did not indicate acceptance. We disagree. We believe that endorsement or negotiation of a check is not the sine qua non for its "acceptance" in this context. Whether there was acceptance must be determined by resort to the same factual considerations that would be relevant had payment been made in any other means or manner. That "payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment," 12A P.S. § 2–511(3), does not, in our view, dilute the facial indicia of acceptance suggested by 12A P.S. § 2–511(2): "Tender of payment is sufficient when made by any means or in any manner current in the ordinary course of business unless the seller demands payment in legal tender . . ."

■ We have serious reservations about whether entry of summary judgment was correct in *Presti,* but, in any event, it is distinguishable under its own rationale in at least one significant aspect—that is, the delivery of the check. There, that fact was disputed. While the buyer attempted to prove the submission of the check and a form bill of sale, the seller denied receipt of either. But, in the case *sub judice,* the defendants have admitted receipt of plaintiff's check and, for purposes of the summary judgment motion, retention for thirty days. These two factors do present "objective evidence of assent" to the sale and preclude a determination, as a matter of law, that there was no acceptance of payment.

We have little doubt that if cash had been used in this transaction instead of a check, the retention by the seller for a period of a month could be considered acceptance. Similarly, having concluded that payment may be made by check as well, its possession by the seller for such a substantial period of time poses an issue for resolution by the fact finder. We do not agree with the statement in the *Presti* opinion that "[w]here the seller has not endorsed or negotiated the check, however, there is no objective evidence of his assent to the sale." 348 F.Supp. at 546. The issue is one that cannot be decided as a matter of law at this stage but must await a full development of the relevant circumstances. Accordingly, the judgment in favor of the defendants will be vacated, and the case will be remanded for further proceedings consistent with this opinion.

---

**3.** There is a dearth of decisional law on this point under the Uniform Commercial Code. However, under the Uniform Sales Act, acceptance of a check has been said to be acceptance of payment. *E.g., Coffman v. Fleming,* 301 Mo. 313, 256 S.W. 731, aff'g (Mo. App.) 226 S.W. 67 (1923); *Technical Economist Corp. v. Moors,* 255 Mass. 591, 152 N.E. 83 (1926); *Fournier v. Burby,* 121 Vt. 88, 148 A.2d 362 (1959); *Maryatt v. Hubbard,* 33 Wash.2d 325, 205 P.2d 623 (1949). *See* Annot., 8 A.L.R.2d 245 (1949).